CITY OF MORGANTOWN, W. VA. v. ROYAL INS. CO., Limited.

No. 5764.

Circuit Court of Appeals Fourth Circuit.

Aug. 31, 1948.

714

Mary Frances Brown, of Clarksburg, W. Va. (W. G. Stathers and Arch M. Cantrall, both of Clarksburg, W. Va., on the brief), for appellant.

James M. Guiher, of Washington, D. C. (Steptoe & Johnson, of Clarksburg, W. Va., on the brief) for appellee.

Before PARKER and DOBIE, Circuit Judges, and PRETTYMAN, Associate Justice United States Court of Appeals for the District of Columbia.

PARKER, Circuit Judge.

This is a motion to dismiss an appeal from an order of the District Court denying a jury trial. The suit was instituted in the court below to reform a policy of insurance on the ground of mutual mistake, the contention of plaintiff being that a policy of insurance, which it had issued on a hangar at an airport, was intended to cover loss by windstorm and hail and that premium was paid on that basis but that by mutual mistake the policy was written to cover fire and lightning, which takes a much higher premium. Answer was filed denying the allegations of the complaint and asking, by way of counterclaim, recovery on the policy for the destruction of the insured property by fire. Defendant filed demand for the trial of the issues before a jury; and from an order denying the jury trial and setting the case down for hearing before the judge, the defendant has appealed. The matter is before us on motion to dismiss the appeal.

The only issue in the case is the issue of mutual mistake. If that is decided against plaintiff, defendant is entitled to recover on its policy. If it is decided in plaintiff's favor, defendant is not entitled to recover anything, since the policy in that event would not cover the loss. It seems perfectly clear that the issue is an equitable one, triable before a chancellor in equity under the old practice, and that no relief could have been afforded at law. Clarksburg Trust Co. v. Commercial Casualty Ins. Co., 4 Cir., 40 F.2d 626, 629; Great American Ins. Co. v. Johnson, 4 Cir., 25 F.2d 847, 848; Toucey v. New York Life Ins. Co., 8 Cir., 102 F.2d 16, 21.

What we have is a pure case of reformation of a policy on the ground of mistake, a matter of which equity had exclusive jurisdiction under the old practice. Union Mutual Life Ins. Co. v. Mowry, 96 U.S. 544, 547, 24 L.Ed. 674. No distinction exists between reforming the policy as a basis of suit and reforming it for the assertion of a defense; since the need in either case arises out of the rule at law that the parties are bound by the terms of the contract as written and parol evidence to add to, alter or deny its terms is not admissible. See Alleghany Valley Brick Co. v. Raymond, 2 Cir., 219 F. 417; Garage Equipment Co. v. Danielson, 156 Wis. 90, 144 N.W. 284; A. L. I. Restatement of Contracts vol. 2 sec. 504. The case is distinguishable, therefore, from one involving a defense that the contract is void on the ground of fraud, which under the old practice constitutes a valid defense at law without equitable relief. See Prudential Ins. Co. v. Saxe, 77 U.S. App.D.C. 144, 134 F.2d 16. Where fraud is the defense to existing liability under a policy, a suit in equity is not available because there is an adequate remedy at law, Phoenix Mutual Life Ins. Co. v. Bailey, 13 Wall. 616, 20 L.Ed. 501; but this rule has no application where the policy must be reformed in equity before the insurer will be in position to assert the defense available to him under the true contract between the parties.

Since the issue in the case was clearly one solely cognizable in equity under the old practice, the defendant had no right to a jury trial of the issue as a matter of right under the Federal Rules of Civil Procedure, Rule 38, 28 U.S.C.A. following section 723c. And even if the order allowing jury trial were appealable, the motion to dismiss might well be allowed on the ground that the appeal presents no question of substance.

We think, however, that the order is not appealable. The case is not one like Ettelson v. Metropolitan Life Ins. Co., 317 U.S. 188, 63 S. Ct. 163, 87 L.Ed. 176, or Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440, where an equitable defense was asserted to a law action and the relief asked was in effect that the prosecution of the action at law be enjoined. Here suit in equity has been filed asking the equitable relief of reformation for mutual mistake, and defendant is seeking to have the equitable issue tried before a jury at law and is appealing because the court has denied a motion to that effect. It is true that defendant has filed a counterclaim asking recovery on the policy, and that, if plaintiff's prayer for reformation is denied, defendant will be entitled to judgment on this legal counterclaim; but there is nothing in this which makes the denial of jury trial a final order or which can be construed as the granting of an interlocutory injunction against suit on the counterclaim. See Beaunit Mills v. Eday Fabric Sales Co., 2 Cir., 124 F.2d 563. There is no reason why any question as to the correctness of the order as to jury trial should not have been presented on appeal from final judgment as was done in the case of Prudential Ins. Co. v. Saxe, supra, 77 U.S.App.D.C. 144, 134 F.2d 16.

Piecemeal appeals should not be encouraged; and certainly there is no reason why they should be allowed from interlocutory orders merely because a legal counterclaim has been asserted to a suit in equity. Nothing in law or in logic nor any consideration of public policy demand any such extension of the doctrine of the Enelow and Ettelson cases. Trials ought not be delayed and appellate dockets crowded by appeals from interlocutory orders directing the course of litigation. We have given short shrift to such dilatory appeals in other cases. See Bowles v. Commercial Casualty Ins. Co., 4 Cir., 107 F.2d 169 and cases there cited. There is no reason to encourage them by any such forced interpretation of the statute relating to appeals from interlocutory injunctions as we would have to make to sustain the appeal here.

Appeal dismissed.