## CONNECTICUT GENERAL LIFE INS. CO. v. CANDIMAT CO.

### Civ. No. 4198.

United States District Court
D. Maryland.
Civil Division.
March 10, 1949.

Charles Markell, Jr., and Cook, Ruzicka, Veazey & Gans, of Baltimore, Md., for plaintiff.

J. Cookman Boyd, Jr., and Tydings, Sauerwein, Archer, Benson & Boyd, of Baltimore, Md., for defendant.

CHESNUT, District Judge.

The complaint in this case is filed by the plaintiff life insurance company to effect a cancellation and surrender of two life insurance policies issued to the defendant as beneficiary on the life of Robert S. Marino, the president of the beneficiary. The policies are five-year term policies, each in the amount of $25,000. They were issued Au-

gust 6, 1948 and contain a two years incontestable clause. The suit was filed October 19, 1948 and therefore within the contestable period. The basis for the cancellation is alleged misrepresentation as to material facts made in the application for the policies. The insured, Marino, is still living. The answer of the defendant denied the alleged misrepresentations.

Pursuant to rule 38 of the Federal Rules of Civil Procedure, 28 U.S.C.A., the defendant at the time of filing its answer, demanded a jury trial. The plaintiff has now filed a motion, in accordance with rule 39(a) (2) to strike out the designation of the case as a jury case on the docket of the court. On this motion counsel have been heard in oral argument and their respective briefs have been considered.

■■ I conclude that the motion must be granted because I find that "a right of trial by jury of the issues in the case does not exist under the Constitution or statutes of the United States". The relief prayed for is typically and traditionally in the nature of equitable relief, and by reason of the effect of the incontestable clause there is no adequate remedy at law. American Life Ins. Co. v. Stewart, 300 U.S. 203, 57 S.Ct. 377, 81 L.Ed. 605, 111 A.L.R. 1268; Brown v. Pacific Mutual Life Ins. Co., 4 Cir., 62 F.2d 711. It is very well known that the federal rules of civil procedure while generally merging law and equity cases for procedural matters, were not intended to destroy the distinction between law and equity with respect to the matter of jury trials. In a typical case for equitable relief, such as the instant case, there was no right to a jury trial. On the contrary it is well established both by federal and Maryland law and judicial decisions that in equity cases, where there is no adequate remedy at law, there is no right to a jury trial at common law or by statute. The jurisdiction of the court in this case is based on diverse citizenship.

■ While by rule 39(c) the court might have the issues in this case heard and tried with an *advisory* jury, I do not think that this is really desirable in the instant case. One reason for that view is that the cancellation and required surrender of an outstanding written contract is in the nature of extraordinary relief, which, by the principles of equity, should not be granted unless the proof is clear and convincing. Therefore on such an issue with that measure of required proof it seems preferable to submit the issue to be decided to a judge rather than a jury. At least this has been the traditional view of equity for a very long time.

■ Counsel for the defendant contends that this suit here by the complainant is really in the nature of a declaratory judgment and several federal judicial decisions are cited where insurance companies have sought declaratory judgments under the federal statutes relating thereto, for relief from liability on their policies. In such cases, under their particular facts and circumstances, the decision has been that the defendant was entitled to a jury trial. But in each case, as I read the cases, the decision has turned upon whether the particular issue involved was in its nature equitable or legal (for the special declaratory judgment act is in itself neither wholly equitable nor wholly legal), and, if legal, whether or not the insurer had an adequate remedy at law. The real nature of the issue whether equitable or legal in such a suit depends upon the nature of the case. In many cases where the insurer has sought such a declaratory judgment the defense that it sets up to liability has raised essentially a legal defense on which the insured was entitled to a jury trial. Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 325. It is true that fraud has been classified as a legal defense, Aetna Casualty & Surety Co. v. Quarles, supra; Piedmont Fire Ins. Co. v. Aaron, 4 Cir., 138 F.2d 732; City of Morgantown, W. Va., v. Royal Ins. Co., 4 Cir., 169 F.2d 713, certiorari granted 335 U.S. 890, 69 S.Ct. 249, but in those cases in which a jury trial has been granted it has also appeared that the issue could be reached in an action at law by the insured without prejudice to the insurer, or that such an action was pending concurrently with the action for a declaratory judgment. Here, as previously explained, the incontestable clause, (which takes this case out of the above referred to general rule) prevents the issue from being raised in an ac-

tion at law by the insurer, as there is presently no suit pending by the beneficiary to recover on the policies in this case. Furthermore the authority to grant the relief sought in the complaint in this case, if justified by the proof, does not arise from the federal declaratory judgment act, 28 U.S.C.A. § 2201, but on the general long existing equity jurisdiction of the federal courts in diverse citizenship cases involving a sufficient amount, arising under the Constitution and laws of the United States.

For these reasons I conclude that the defendant is not entitled in this case to have the issues tried by a jury and it is therefore ORDERED by the court this 10th day of March, 1949, that the defendant's demand for a jury trial be stricken from the docket, and that the designation of the case on the docket as a jury action shall be changed to a non-jury action.