AMERICAN MACHINE & METALS, Inc., v. DE BOTHEZAT IMPELLER CO., Inc.

No. 21331.

United States Court of Appeals
Second Circuit.

April 8, 1949.

FRANK, Circuit Judge, dissenting.

———◆———

See also 82 F.Supp. 556.

Alphonse Kenison, of New York City (Leonard P. Moore, of New York City, of counsel), for plaintiff-appellee.

Perkins, Malone & Washburn, of New York City (Watson Washburn, of New York City, of counsel), for defendant-appellant.

Before CHASE, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

Motion (for a stay) denied. Motion (to dismiss appeal) granted.

FRANK, Circuit Judge (dissenting).

This appeal relates to a suit by plaintiff for a declaratory judgment to determine whether it has the right to terminate a contract with the defendant. See our former decision, 2 Cir., 166 F.2d 535.

Defendant in its pleadings (1) set up plaintiff's lack of right to terminate in any circumstances, and (2) pleaded that, if plaintiff would otherwise have had such a right, the court should not permit that right to be exercised because of plaintiff's inequitable conduct,[1] and prayed appropriate relief;[2] (3) defendant also asked a money judgment because of such conduct. By pretrial order, the judge ordered (a) that the trial of defendant's claim for damages should be postponed until after the trial on plaintiff's complaint; and (b) that defendant's claim for equitable relief should, once and for all, be rejected, i. e., should never be tried either in connection with the trial of plaintiff's complaint or otherwise. From that part of the order described in (b)— i. e., that part rejecting defendant's claim for equitable relief—defendant has appealed. Plaintiff has moved to dismiss the appeal (without consideration of the merits)[3] on the ground that the order is not appealable. It think that motion should be denied.

Before the enactment of the statute of 1915, 38 Stat. 956, permitting the assertion of equitable defenses in actions at law, defendant's claim for equitable relief would have taken the form of a suit in equity to enjoin the maintenance of plaintiff's action. In Enelow v. New York Life Insurance Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440, the Court held that, notwithstanding

---

[1] For example, the defendant pleaded as a "Third Separate Defense and Counterclaim to the Complaint," the following: "Plaintiff has wrongfully and wilfully violated its contractual obligation to use the name DeBothezat in the promotion and sale of said products to the damage of defendant in the amount of $50,000. Said wrongful action of plaintiff makes inequitable plaintiff's exercise of said option to terminate, if otherwise existent."

[2] Defendant's pleading contained this prayer: "Wherefore, defendant prays that the complaint be dismissed, with costs; or, in the alternative, that this Court declare that plaintiff has no longer any right to terminate said contract under paragraph Tenth thereof * * *"

[3] Of course, I express no opinion as to the merits of the appeal.

that, under the 1915 statute, such relief could be sought, without a separate suit, by way of an equitable defense in an action at law, nevertheless an order granting or denying such relief was one which granted or refused an injunction and which, therefore, whether or not interlocutory, was appealable under the statute, now 28 U.S.C.A. § 1292, authorizing appeals from that particular kind of order. A similar result was reached in Shanferoke Coal & Supply Corporation v. Westchester Service Company, 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583.

There was some belief that the promulgation in 1938 of the Rules of Civil Procedure, 28 U.S.C.A., eliminated the doctrine of the Enelow case. This court so held in Beaunit Mills, Inc., v. Eday Fabrics Sales Corp., 2 Cir., 124 F.2d 563. A few months later, however, the Supreme Court, in Ettelson v. Metropolitan Life Ins. Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176, ruled to the contrary, holding that the Enelow case still has full vitality.

Although I concurred in the decision of the Beaunit Mills case, I think our court should no longer adhere to it, but should ungrudgingly follow the Ettelson case. For that reason, it seems to me that we ought not to dismiss this appeal, as the order rejecting defendant's claim for equitable relief seems to me to come within the Ettelson-Enelow-Shanferoke doctrine.

To be sure, in Ettelson, Enelow and Shanferoke, there were motions to stay a hearing of the "legal" issues until the "equitable" issues were tried and determined, and no such motion was made by defendant here. But that is a distinction without a difference. Cf. General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408, which was cited with approval in the Shanferoke and Ettelson opinions.

It has been suggested that the Ettelson-Enelow-Shanferoke-General Electric doctrine is inapplicable here, since the defendant's claim for equitable relief was asserted in a suit for declaratory judgment which, it is urged, is not an action at law, as were the suits in Enelow, Shanferoke and Ettelson. Perhaps that argument would be cogent where a particular action for declaratory judgment is in effect the equivalent of a suit in equity (i. e., not one triable by a jury if either party so demands). In this case, however, plaintiff's suit is not of such an equitable character. In effect, plaintiff seeks a judgment which will determine whether, if it were to terminate the contract, it would be liable in action at law brought by defendant. Consequently, the issues raised by plaintiff's complaint and by that part of the defendant's answer which the trial judge has allowed to stand are virtually the same as those which would be before a court in an action at law brought by defendant, if the plaintiff were to terminate the contract without the benefit of a declaratory judgment. The fact that the declaratory judgment statute permits plaintiff in a preliminary manner to have a determination of those issues should not serve to deprive defendant of its statutory right to appeal forthwith from an order refusing an injunction.

It has also been suggested that, if the view I take is correct, the pre-trial conference procedure becomes a nullity, because all orders made as a result of such procedure will at once be appealable. Assuming, arguendo, that interlocutory appeals would render pre-trial procedure inefficacious (an assumption the validity of which may well be doubted), no such result would follow from my conclusion here, since that conclusion relates solely to orders, whether or not interlocutory, of a kind which Congress by statute has explicitly made appealable.[4] To put it differently, the suggested argument amounts to saying that the Rules of Federal Procedure, in so far as they authorize pre-trial procedure, have abolished the statutory right to appeals from orders denying injunctions. That cannot be so, since the statute authorizing promulgation of the procedural rules conferred no authority to modify statutes relating to appeals.[5] It is of interest that Professor Moore, who has played an important part in the drafting of the Rules, has joined in proposing a statutory amend-

---

[4] It is perhaps true that here the order denying the relief was not interlocutory but final.

[5] 28 U.S.C.A. § 723c [now § 2072]. Cf. Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444, 66 S.Ct. 242, 90 L.

ment which would permit far more interlocutory appeals.[6]

I think it most unfortunate to whittle away by decision the existing statutory right to such appeals. Indeed, current events go to show the desirability of statutory changes which would grant discretion to courts of appeal to allow appeals from any kinds of interlocutory order, when necessary to prevent serious injustice or gravely harmful delays.[7] Such courts, I think, by statute should be given discretion to consider such appeals on the certificate of the district judge[8] and/or on motion of an aggrieved litigant.[9]

---

Ed. 185; Sibbach v. Wilson Co., 312 U.S. 1, 10, 655, 61 S.Ct. 422, 85 L.Ed. 479; United States v. Sherwood, 312 U.S. 584, 590, 61 S.Ct. 767, 85 L.Ed. 1058.

Accordingly, if Rule 54(b), as recently amended, empowers a district judge to determine whether an order, which by statute may be appealed, is not to be appealable, I should question the validity of that Rule. For that reason, I have suggested that it be narrowly construed to avoid such invalidity. See dissenting opinion in Clark v. Taylor, 2 Cir., 163 F. 2d 940, 944, at page 951 note 12 (second paragraph); cf. Dickinson v. Mulligan, 2 Cir., 1949, 173 F.2d 738.

[6] Moore and Vestal, Present and Potential Role of Certification in Federal Appellate Procedure, 35 Virginia L.Rev. (1949) 1 at 45.

[7] In a certain pending trial, the defendants have objected to the make-up of the jury. The trial judge over-ruled the objection. Many weeks of trial will occur before an upper court will be able to pass on that ruling. Should the final judgment be adverse to the defendants, and should that preliminary ruling then be held reversible error, weeks spent on that trial will have been wasted. Of course, I intimate nothing as to the propriety of that ruling; I mean merely that it is unfortunate that its propriety cannot be promptly determined on appeal by allowing the trial judge to certify the question so that the appellate court might, in its discretion, promptly hear the appeal.

[8] Such is the amendment proposed in the article by Moore and Vestal, supra.

[9] See suggestion for amendments of the appeal statutes, made by me, with Judge Learned Hand's concurrence, in Zalkind v. Scheinman, 139 F.2d 895, 898 note 3b (C.C.A.2). Cf. dissenting opinion in Clark v. Taylor, 163 F.2d 940 at 952 note 12 (fourth and fifth paragraphs).