# CITY OF MORGANTOWN *v.* ROYAL INSURANCE CO., LTD.

No. 396.   Argued February 9, 1949.—Decided June 6, 1949.

*Mary Frances Brown* argued the cause, and *W. G. Stathers* filed a brief, for petitioner.

*James M. Guiher* argued the cause for respondent. With him on the brief was *Louis A. Johnson*

Mr. Justice Murphy delivered the opinion of the Court.

This case raises two questions: the appealability of an order denying a demand for trial by jury in a federal court, and whether the constitutional right to a jury applies to the trial of an issue of mutual mistake.

The facts are these. Petitioner in August of 1947 was carrying insurance with respondent on a hangar at its Municipal Airport. The policy by its terms insured petitioner against loss by fire or lightning in the amount of $22,000. On August 20, the hangar was completely destroyed by fire. Petitioner filed proof of loss. Shortly thereafter respondent instituted an action in the District Court for the Northern District of West Virginia for reformation and correction of the policy. It alleged in substance that during the preceding year petitioner had carried only windstorm insurance on the hangar, in the same amount; that the policy currently in force was intended by the parties to be a renewal of the prior policy; that the premium paid was the same as had been paid for windstorm insurance, an amount much less than the premium for fire insurance; and the policy had been written as a fire policy through the inadvertence of both parties and did not express the intent of either. It prayed for reformation to correct the mutual mistake and for a declaration of no liability for the loss by fire. Petitioner answered, denying mistake, and filed a counterclaim to recover on the policy as written. Respondent answered the counterclaim, alleging the same facts as in its complaint. Petitioner filed a demand for jury trial under Rule 38 (b); respondent moved to strike the demand; the court granted the motion and set the case for trial to the court without a jury. Petitioner appealed from this ruling. On motion of respondent, the Court of Appeals dismissed the appeal, 169 F. 2d 713, and the case is here on a writ of certiorari. 335 U. S. 890.

In this posture of the case, we are first confronted with the question of the appealability of the trial court's. order denying jury trial. Not being a final decision, it is appealable, if at all, only as an interlocutory decree granting or refusing an injunction under § 129 of the Judicial Code (28 U. S. C. § 227).[1] Petitioner urges *Enelow* v. *New York Life Ins. Co.*, 293 U. S. 379, and *Ettelson* v. *Metropolitan Life Ins. Co.*, 317 U. S. 188, upon us as conclusive in favor of appealability. In each of those cases, the plaintiff had commenced an action to recover according to the terms of an insurance policy; in each of them the insurance company denied liability, alleging fraud in the procurement of the policy, and moved that the issue of fraud be tried to the court without a jury. The trial court in each case granted the motion, and this Court held on review that the rulings thus made were appealable under § 129.

The substance of § 129 has been a part of federal law since 1891, 26 Stat. 828, and its relation to other aspects of procedure has not been rigid. Since 1912 the history of the law governing procedure in the federal courts has manifested a slow but consistent process of coalescing of the practice in the law and equity sides of the courts. In that year this Court adopted new equity rules, of which Rule 22 and Rule 23 made a significant start in procedural unification. A major step occurred in 1915, with the enactment of the Law and Equity Act, 38 Stat. 956, which added §§ 274 (a) and 274 (b) to the Judicial Code. The net effect of these additions was to allow transfer of action begun on either side of the court to the other side,

---

[1] "Where . . . an injunction is granted, continued, modified, refused, or dissolved by an interlocutory order or decree, or an application to dissolve or modify an injunction is refused, . . . an appeal may be taken from such interlocutory order or decree . . . ." The substance of this provision has been retained in Revised Title 28, U. S. C. § 1292, 62 Stat. 869.

without the necessity of commencing a new action, to permit determination of law questions arising in equity actions in those actions, and to allow equitable defenses to be offered and equitable relief to be granted in an action at law.

In this state of a partly blended law and equity procedure arose the *Enelow* case, *supra*. The Court there held, with regard to an order denying trial by jury, that by analogy to practice at common law the order was one granting an injunction within the meaning of § 129.

The coalescing of law and equity procedure was completed in 1938, with the adoption of the Rules of Civil Procedure. Their purpose, among others, was "to secure the just, speedy, and inexpensive determination of every action," and to that end they prescribed identical procedure for all actions, whether cognizable formerly at law or in equity. After their adoption, the identical problem presented by the *Enelow* case arose in *Ettelson* v. *Metropolitan Life Ins. Co., supra*. It was argued that the adoption of the rules had so unified the federal procedure that the type of order in question could no longer be considered an injunction and appealable. We held the order appealable, since the rules had not changed its substantial effect, noting that the position of the parties was the same as it would have been if a state equity court had enjoined an action at law.

Whatever the present validity of the analogy to common-law practice which supported those cases, it is of no help here. This is not a situation where a "chancellor" in denying a demand for jury trial can be said to be enjoining a "judge" who has cognizance of a pending action at law. This is rather a case of a judge making a ruling as to the manner in which he will try one issue in a civil action pending before himself. The fiction of a court with two sides, one of which can stay proceedings in the other, is not applicable where there is no

other proceeding in existence to be stayed. The ruling from which the appeal in this case was prosecuted is an order interlocutory in form and substance. Nothing in the language of the rules or the Judicial Code brings it within the class of appealable decisions, and distinctions from common-law practice which supported our conclusions in the *Enelow* and *Ettelson* cases supply no analogy competent to make an injunction of what in any ordinary understanding of the word is not one.

Trial by jury is a vital and cherished right, integral in our judicial system. It is argued that the importance of an interlocutory order denying or granting jury trial is such that it should be appealable. Many interlocutory orders are equally important, and may determine the outcome of the litigation, but they are not for that reason converted into injunctions. The Constitution guarantees to litigants in the federal courts the right to have their cases tried by juries, and Rule 38 of the Rules of Civil Procedure explicitly implements that guarantee. Denial of the right in a case where the demanding party is entitled to it is of course error. The rulings of the district courts granting or denying jury trials are subject to the most exacting scrutiny on appeal.

But piecemeal appeals have never been encouraged. The growth of the law of procedure in the United States during the last half-century has been steadily in the direction of simplicity and directness in the administration of justice. To that end, and with careful regard for the constitutional rights of the parties, this Court, pursuant to specific authorization by Congress, adopted the Rules of Civil Procedure, abolishing procedural distinctions between law and equity and establishing a single unified practice. We would ill serve the stated purposes of the Rules of Civil Procedure were we to perpetuate by analogy distinctions which the rules expressly disavow. The

Court of Appeals was correct in dismissing the appeal and its judgment is affirmed.

With the case disposed of in this manner, we do not reach the second question presented: whether petitioner is entitled to a jury on the issue of mutual mistake.

*Affirmed.*

MR. JUSTICE BURTON concurs in the judgment of the Court.

MR. JUSTICE FRANKFURTER, concurring.

On occasion a problem arises which calls for a more discriminating analysis than is conveyed by the phrase "law and equity are now fused" to indicate the procedural development whereby an action at law and a suit in equity in relation to it may be disposed of in a single litigation. In this case, the deeply rooted historical distinction between an action at law and a suit in equity becomes decisive. Since I would not reverse or impair the ruling in *Enelow* v. *New York Life Ins. Co.,* 293 U. S. 379, and *Ettelson* v. *Metropolitan Life Ins. Co.,* 317 U. S. 188, I should like to add a few words to the Court's opinion, in which I join, to make clear why the present decision leaves those decisions unimpaired.

In the two earlier cases an action at law was brought on an insurance policy. Of course this entitled the plaintiff to a trial by jury. The defendant asked for a cancellation of the policy because of fraud. The district court entered an order suspending the action at law, to be tried by a jury, until the later-begun equitable proceeding—trial without a jury—was concluded. This Court was called upon to construe § 129 of the Judicial Code allowing appeals in limited categories of interlocutory decisions. 28 U. S. C. § 227, now § 1292. With due regard to the actualities of the situation, the Court

held that the staying of an action at law by the chancellor is an interlocutory injunction and as such appealable, even though the chancellor who granted such an interlocutory order be the same judge before whom the earlier action at law was pending. The ground of the decision in the *Enelow* case leaves no doubt as to its scope. Section 129 of the Judicial Code, wrote Mr. Chief Justice Hughes for the Court,

> ". . . contemplates interlocutory orders or decrees which constitute an exercise of equitable jurisdiction in granting or refusing an injunction, as distinguished from a mere stay of proceedings which a court of law, as well as a court of equity, may grant in a cause pending before it by virtue of its inherent power to control the progress of the cause so as to maintain the orderly processes of justice. The power to stay proceedings in another court appertains distinctively to equity in the enforcement of equitable principles, and the grant or refusal of such a stay by a court of equity of proceedings at law is a grant or refusal of an injunction within the meaning of § 129. And, in this aspect, it makes no difference that the two cases, the suit in equity for an injunction and the action at law in which proceedings are stayed, are both pending in the same court . . . ." 293 U. S. at 381–82.

In this case the plaintiff instituted a suit in equity for the reformation of an instrument. The insured, by way of counterclaim, contested that suit and, in addition, sought recovery on the policy. The latter was a conventional action at law which, under the Constitution, entitled the defendant to a jury trial. The judge continued this action at law until the prior equitable proceeding could be concluded. The facts, therefore, are precisely the opposite of those in the *Enelow* case. Here

there was no intervention by a court of equity in proceedings at law, but "a mere stay of proceedings which a court of law, as well as a court of equity, may grant in a cause pending before it by virtue of its inherent power to control the progress of the cause so as to maintain the orderly processes of justice." 293 U. S. at 381–82. Since an interlocutory proceeding in an action at law cannot possibly be brought within the limited class of appealable interlocutory decisions under the old § 129 of the Judicial Code (now 28 U. S. C. § 1292), there is an end to the matter.

A layman may see no difference between the postponement by a trial judge of an action at law, and the postponement of such an action by an equitable proceeding resulting in an interlocutory injunction. But the Congress has seen fit to allow an appeal from one such result and not from the other. Nonappealability of intermediate orders in the federal courts has been a deep-rooted general principle limiting those courts since their establishment. A very few types of interlocutory orders are appealable. The *Enelow* and *Ettelson* cases presented an order that was appealable because it was a stay by a court of equity of a common-law action. This is not such a stay, and in affirming the judgment the Court leaves *Enelow* and *Ettelson* untouched.

MR. JUSTICE BLACK, with whom MR. JUSTICE RUTLEDGE concurs, dissenting.

I think it an undesirable practice for this Court to overrule past cases without saying so. The effect of the Court's holding here is to overrule *Ettelson* v. *Metropolitan Ins. Co.*, 317 U. S. 188, decided by a unanimous Court in 1942. The Court's holding today rejects the interpretation of § 129 of the Judicial Code (28 U. S. C. § 227, as amended 28 U. S. C. § 1292) given that section in the *Ettelson* case and in *Enelow* v. *New York Life Ins.*

*Co.*, 293 U. S. 379.   And to support its new interpretation of that section the Court now adopts reasons and arguments that were expressly urged and expressly rejected in the *Enelow* and *Ettelson* cases.

Today the Court brushes aside the *Enelow* and *Ettelson* cases, implying that this, unlike either of the other two, is "a case of a judge making a ruling as to the manner in which he will try one issue in a civil action pending before himself."   But this was true in the *Enelow* and *Ettelson* cases.   In the *Enelow* case the Court said at p. 382 that "it makes no difference that the two cases . . . are both pending in the same court, in view of the established distinction between 'proceedings at law and proceedings in equity in the national courts and between the powers of those courts when sitting as courts of law and when sitting as courts of equity.' "   The Court also implies that this case can be distinguished from the *Enelow* and *Ettelson* cases because the order in this case is "interlocutory in form and substance."   But this was true in the *Enelow* and *Ettelson* cases.   In the *Enelow* case the Court said at p. 383, that "although interlocutory, it [the order] was appealable . . . under § 129."   In the *Enelow* case the order of the trial court held appealable (p. 381) required hearing of the equitable issue raised "in advance of the trial by jury at law of any purely legal issues." That was precisely the effect of the trial court's order in this case; it required hearing of the equitable issue of reformation in advance of a trial by jury of the legal issues raised by the counterclaim.   Today the Court says this order is not an "injunction . . . in any ordinary understanding of the word . . . ."   In the *Enelow* case this Court said that such an order "in effect grants or refuses an injunction . . . ." (p. 383).

The Court today seems to rest its departure from the *Enelow* case on the Federal Rules of Civil Procedure and their purpose as set out in Rule 1 "to secure the iust,

speedy, and inexpensive determination of every action." The *Ettelson* case, *supra,* came to this Court after adop= tion of these rules. The insurance company there specifically pointed to Rule 1 as a reason why this Court should not follow the *Enelow* case. We unanimously rejected the contention. We pointed out at p. 191 that "As in the *Enelow* case . . . the result of the District Judge's order is the postponement of trial of the jury action based upon the [insurance] policies; and it may, in practical effect, terminate that action. It is as effective in these respects as an injunction issued by a chancellor. . . . The plaintiffs are . . . in no different position than if a state equity court had restrained them from proceeding in the law action. Nor are they differently circumstanced than was the plaintiff in the *Enelow* case. The relief afforded by § 129 is not restricted by the terminology used. The statute looks to the substantial effect of the order made."

Thus despite our unanimous rejection of the contention in *Ettelson* the Court now holds that the Rules of Civil Procedure have displaced both the *Enelow* and *Ettelson* interpretation of § 129 of the Judicial Code. The basis for overruling the *Enelow* and *Ettelson* cases appears to be the Court's hostility to "piecemeal appeals" and the Court's belief that overruling the two cases will promote "simplicity and directness in the administration of justice." But to grant appeal here would not sustain appeals from every adverse ruling made in the process of a trial. Denial of trial by jury is not to be classified with ordinary trial errors, such as an admission or rejection of evidence. The question here relates to the whole trial of the issues involved: what tribunal shall hear and resolve the evidence, judge or jury? And neither simplicity nor directness of judicial administration are necessarily furthered by compelling two trials where one would suffice. Moreover, there is much to be said against

the idea of inflexibly barring appeals in regard to alleged substantial errors that may fatally invalidate an entire trial procedure.*

In considering whether the dogma against "piecemeal appeals" is to be unduly exalted in this case we should not lose sight of the fact that the Bill of Rights guarantees trial by jury in appropriate cases. Had petitioner here filed a common-law suit on its policy in a state court it would have been entitled to trial by jury. In that event the federal court could have restrained trial, if at all, only by an injunction, which confessedly would have been appealable under § 129. But under Rules 2 and 13 (a) of the Federal Rules of Civil Procedure petitioner was compelled to sue on its policy by filing counterclaim in the federal court. Cf. *American Mills Co.* v. *American Surety Co.*, 260 U. S. 360, 364, 366. Because of that federal compulsion the Court now penalizes petitioner by denying it a right of appeal. As a result, petitioner's alleged constitutional right to have the facts of its case determined by a jury is at least postponed. There are many prior decisions of this Court that justify a more considerate treatment of contentions that invoke the Bill of Rights guarantee of trial by jury. See, e. g., *Scott* v. *Neely,* 140 U. S. 106, 109, 110; *Insurance Co.* v. *Bailey,* 13 Wall. 616.

---

*Moore and Vestal, *Present and Potential Role of Certification in Federal Appellate Procedure,* 35 Va. L. Rev. 1 (1949); see dissenting opinion by Judge Frank in *American Machine and Metals, Inc.* v. *De Bothezat Impeller Co.,* 173 F. 2d 890.