**KAUFMAN & RUDERMAN, Inc. v. COHN & ROSENBERGER.**

No. 56, Docket 21422.

United States Court of Appeals
Second Circuit.

Argued Oct. 11, 1949.

Decided Nov. 2, 1949.

Supplemental Opinion Nov. 15, 1949.

Morris Kirschstein, New York City, for appellant.

Mock & Blum, New York City, for appellee.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

FRANK, Circuit Judge.

We need not decide whether or not the district court has jurisdiction of the declaratory judgment action. For even if it has, the court must determine whether, as a matter of judicial discretion, the suit ought to be entertained in a federal court. Assuming, then, that the court here has jurisdiction, we think it would have abused that discretion had it not dismissed the second cause of action.

Plaintiff (by asserting that the district court has jurisdiction of the declaratory judgment action) concedes that it could have had the state-court suit removed to the federal court, for the two cases deal with identical issues.[1] But plaintiff lost its right of removal in July 1943—more than two years before it began the federal action—when the time expired for it to file its plea or answer in the state-court action.[2] Plaintiff may not use a federal declaratory judgment action as a substitute for a removal right thus lost by plaintiff's inaction. Compare the attempt to use habeas corpus as a

substitute for an appeal barred by lapse of time.[3]

Affirmed.

Supplemental Opinion

Although neither appellant nor appellee noted the matter, it is now suggested that, under Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.A., the order was not appealable because the district judge did not make "an express determination that there is no just reason for delay". If the district judge within ten days makes such an express determination, we shall treat it as made nunc pro tunc, and our order of affirmance will stand; otherwise, the appeal will be dismissed.[4]

1. See 28 U.S.C.A. § 71 as it read in 1943 [now §§ 1441, 1445, 1447]. We need not consider whether the identity of issues alone would require dismissal. See Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620.

2. See 28 U.S.C.A. § 72, as it read in 1943 [now §§ 1446, 1447].

3. Cf. Sunal v. Large, 332 U.S. 174, 67 S. Ct. 1588, 91 L.Ed. 1982.

4. If the judge does not make the determination, the writer of this opinion will have considerable doubt about the propriety of our dismissing the appeal, because he

doubts whether the portion of Rule 54(b) here pertinent was within the power of the Supreme Court under the governing statute. For the rule to that extent seems to confer upon a district judge the authority to enlarge or diminish our appellate jurisdiction; and it is doubtful whether the statute gives the Supreme Court the power to affect appellate jurisdiction. See the writer's dissenting opinion in Clark v. Taylor, 2 Cir., 163 F.2d 940 at 951 note 12 (second paragraph); and his dissenting opinion in American Machine and Metals, Inc., v. DeBothezat Impeller Co., Inc., 2 Cir., 173 F.2d 890 at 892 note 5.