TOBIN, Secretary of Labor, v. PIRCH-ESKY et al.

Civ. A. No. 9632.

United States District Court
W. D. Pennsylvania.

Dec. 7, 1951.

Ernest W. Votaw, Regional Atty., Howard W. Fineshriber, Philadelphia, Pa., for plaintiff.

Louis Vaira, Pittsburgh, Pa., for defendants.

McVICAR, District Judge.

This is an action to enjoin defendants from violating the provisions of Sections 15(a)(1), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 215(a)(1, 2, 5). The Complaint contained the prayer, which reads: "* * * plaintiff demands judgment permanently enjoining and restraining defendants, their agents, ser-

vants, employees, and attorneys, and all persons acting or claiming to act in their behalf and interest, from violating the provisions of Sections 15(a)(1), 15(a)(2), and 15(a)(5) of the Act, and such other and further relief as may be necessary and appropriate."

Plaintiff alleges repeated violations of the aforesaid Act by defendants in paying their employees wages at rates less than 75 cents per hour since 1950; by employing many of their employees for workweeks longer than 40 hours since February, 1949, without proper compensation; with failure to keep proper records; also, that defendants violated the said Act since February, 1949 by shipping goods in interstate commerce, in the production of which many of their employees were employed in violation of said Act.

Defendants filed an answer. Defendants also demanded a jury trial.

This action is now before us on plaintiff's motion to strike the demand of defendants for a trial by jury on the ground that such right does not exist under the Constitution or statutes of the United States.

Rule 38(a) of the Federal Rules of Civil Procedure, 28 U.S.C., provides that: "The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."

The Seventh Amendment to the Constitution of the United States provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

The action before us is clearly in equity. Equitable issues only are involved. Such issues are triable by the Court, such as the injunction prayed for in this case. National Labor Relations Board v. Jones & Laughlin Steel Corp., 1937, 301 U.S. 1, 48, 49, 57 S.Ct. 615, 81 L.Ed. 893; Connecticut General Life Insurance Co. v.

Candimat Co., D.C.Md.1949, 83 F.Supp. 1; Olearchick v. American Steel Foundries, D.C., W.D.Pa.1947, 73 F.Supp. 273, 279.

The motion before us should be granted.