GARDEN HOMES, Inc.,

v.

Norman P. MASON, Commissioner, Federal Housing Administration.

Civ. A. No. 1603.

United States District Court
D. New Hampshire.

March 23, 1956.

Angus M. MacNeil, Somerville, Mass., for plaintiff.

Maurice P. Bois, U. S. Atty., Concord, N. H., for defendant.

CONNOR, District Judge.

This is an action at law commenced July 26, 1955, in the Superior Court of New Hampshire for the County of Hillsborough, wherein the plaintiff attached certain real estate of the defendant, Norman P. Mason as Acting Commissioner of the Federal Housing Administration. On October 17, the action was removed to this court.  28 U.S.C. § 1446.

Asserting the authorization of the Honorable David W. Kendall, Acting Secretary of the Treasury, as provided by 40 U.S.C.A. § 308, the United States Attorney for this district filed a unilateral stipulation for the discharge of the at-

tachment, and on the same day moved that the attachment be vacated. The plaintiff then moved "to strike defendants motion for order vacating attachment and stipulation."

The questions posed are (1) whether the filing of this stipulation is within the contemplation of the statute, and (2) whether, with the plaintiff opposing such filing and motion to vacate, the judgment of the court may be invoked.

The implication of the statute is that a stipulation would be entered into by and between the district attorney and the attaching creditor, with a release to follow, without resort to judicial aid. The fact that this stipulation is unilateral does not negate its validity. The term "stipulation" ordinarily connotes an agreement entered into by the parties in litigation. But this need not be necessarily so. The practice followed in Admiralty, while not strictly in point, is one which indicates the use of unilateral stipulations as a mode of releasing property from custody. Admiralty Rules, Rule 6, 28 U.S.C.A.

There are substantially no precedents which would guide the court, and, if the movant is entitled to relief, the determinative factors would seem to be by analogy with accepted procedures authorizing judicial intervention in dealing with like matters. Both federal and local laws provide means in private litigation by which an owner, with the approval of the court, may obtain the release of his property upon the filing of a bond or stipulation as security. 28 U.S. C. § 2464; New Hampshire RSA 511:-48. These statutes may be distinguished from the one under consideration in that they specifically invoke the power of the court. However, the failure of Section 308 to spell out similar jurisdiction should not be a bar to the right of the defendant whose interest in real estate has been seized. The application of elementary principles of equity and justice demands that one whose real estate has been attached be permitted to substitute full security to meet any judgment which might be obtained. Otherwise, irreparable damage may be incurred by the inability of the defendant to make use of or to dispose of his property advantageously.

The case at bar presents a special situation. The United States cannot allow its property to be encumbered for an indefinite period, or else the smooth and continued functioning of the machinery of government may be endangered. The procedure which it seeks to utilize would obviate this danger, and this court is unable to believe that Congress did not intend that a unilateral stipulation could be put into effect where justice requires.

Orders were this day entered, granting defendant's motion to vacate and denying plaintiff's motion to strike.