GARDEN HOMES, Inc., Plaintiff, Appellant,

v.

Norman P. MASON, Commissioner, Federal Housing Administration, Defendant, Appellee.

No. 5110.

United States Court of Appeals First Circuit.

Dec. 3, 1956.

Angus M. MacNeil, Somerville, Mass., for appellant.

Maurice P. Bois, U. S. Atty., Concord, N. H., for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

According to its notice of appeal, Garden Homes, Inc., purports in this case to take an appeal from ten listed orders of the United States District Court for the District of New Hampshire entered March 13 and 14, 1956. Even a superficial reading of the jurisdictional statute, 28 U.S.C. §§ 1291, 1292, would have made it clear that nine of the ten enumerated orders are of an interlocutory character not presently appealable. As to the one remaining order, the question is whether it is appealable as an interlocutory order refusing an injunction, within the meaning of 28 U.S.C. § 1292 (1). We have concluded that it is not such an order, and consequently that this whole abortive appeal must be dismissed for lack of jurisdiction.

On July 26, 1955, Garden Homes, Inc., instituted the action against Norman P. Mason "as Acting Commissioner of the Federal Housing Administration," by filing in the Superior Court of Hillsborough County, State of New Hampshire, a writ sounding in the common counts. Defendant was not personally served with process, and the deputy sheriff filed a *non est inventus* return. However, there was endorsed on the writ a real estate attachment dated July 28, 1955, purporting to attach all the right, title and interest of the defendant in any lands and tenements located in Hillsborough County. An attested copy of such endorsement was left in the office of the Register of Deeds. On October 5, 1955, plaintiff filed a motion to amend the writ by annexing thereto a declaration based upon allegations of covenant broken, thus turning the case into one for breach of contract. On October 17, 1955, upon motion of the defendant, the case was removed to the federal court. Later, plaintiff's motion to amend its declaration was allowed by the federal court without objection.

In the removed case, the parties filed numerous motions on various matters. One of these was a motion by the de-

fendant dated December 5, 1955, for an order by the district court vacating the aforesaid attachment. This motion was based upon 40 U.S.C.A. §§ 308 and 309. Section 308 provides that when any property in which the United States may have an interest shall in any judicial proceeding be attached as security for any claim made against such property, the Secretary of the Treasury may cause a stipulation to be entered by the proper district attorney for the discharge of such property from attachment upon an agreement by the government that upon such discharge the person asserting the claim against the attached property shall become entitled to all the benefits of §§ 308 and 309. The latter section provides the procedure for the payment of claims pursuant to a final judgment in such a proceeding. This motion for an order discharging the attachment was accompanied by a stipulation, filed upon instructions of the Acting Secretary of the Treasury, to the effect that upon discharge of said attachment Garden Homes, Inc., shall become entitled to all the benefits of 40 U.S.C.A. §§ 308 and 309. The district court held a hearing on December 30, 1955, on defendant's motion for an order vacating the attachment, and the same was then taken under advisement.

As a countermove to defendant's motion to discharge the attachment, plaintiff filed in the district court, on January 3, 1956, a motion for immediate remand of the case to the state court, and a second motion entitled "Petition for Restraining Order and Injunction" praying (1) that the defendant, his agents and attorneys, "be restrained and enjoined from taking further action before the United States District Court for the District of New Hampshire to vacate the attachment upon the property of the defendant" until after the court has acted on the plaintiff's motion to remand, and (2) that the defendant "be restrained and enjoined from exercising any rights derived from the orders of this court for discharge of attachment until review is had by the Court of Appeals if such order is entered."

These motions by plaintiff came on for hearing on March 12, 1956. On the next day the district court denied plaintiff's motion for remand and also denied his motion entitled "Petition for Restraining Order and Injunction." On March 23, 1953, the district court granted defendant's motion for an order vacating the attachment, D.C., 142 F.Supp. 744, and such order was actually entered on March 26 following.

Referring first to the second request contained in plaintiff's "Petition for Restraining Order and Injunction," namely, that the defendant be restrained from exercising any rights derived from an order discharging the attachment until review is had in the Court of Appeals if such order is entered, we think it clear that this is not a motion for an injunction in any proper sense but is really a request for an anticipatory supersedeas pending review of an expected order of the district court discharging the attachment.

The first prayer of plaintiff's "Petition for Restraining Order and Injunction" asks the court to restrain the defendant "from taking further action before the United States District Court for the District of New Hampshire to vacate the attachment" until after the court has acted upon the plaintiff's motion to remand the case to the state court. This request would seem to have become moot in view of the fact that the district court has already entered an order vacating the attachment and also has acted upon the motion to remand by denying the same. Furthermore, if the request could be construed as a motion that the district court stay further action upon defendant's motion to vacate the attachment, the district court's order of denial would be no more than "a step in controlling the litigation before the trial court, not the refusal of an interlocutory injunction." Baltimore Contractors, Inc. v. Bodinger, 1955, 348 U.S. 176, 185, 75 S.Ct. 249, 99 L.Ed. 233. Cf. City of

Morgantown v. Royal Insurance Co., Ltd., 1949, 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347.

An order will be entered dismissing the appeal for lack of jurisdiction.