[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11766

Non-Argument Calendar

_____

SARA HERRERA,

Plaintiff-Appellant,

*versus*

7R CHARTER LIMITED,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:16-cv-24031-KMW

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

This Jones Act case returns to our Court after we vacated the district court's award of summary judgment in favor of defendant 7R Charter Limited. On remand, 7R Charter moved to strike plaintiff Sara Herrera's demand for a jury trial, which she added nearly two years after filing her complaint. Herrera countered that an amended answer 7R Charter filed revived her right to demand a jury trial. The district court disagreed and granted the motion to strike. After a bench trial, the district court found in favor of 7R Charter. Herrera appeals the district court's order granting 7R Charter's motion to strike. After careful review, we affirm.

## I.

Because we explained in detail the events that transpired and led to this lawsuit in Herrera's previous appeal to this Court, *see Herrera v. 7R Charter Ltd.*, 789 F. App'x 820 (11th Cir. 2019) (unpublished), here we recount only the facts necessary to decide this appeal. 7R Charter employed Herrera and her now-husband, Bernard Calot, as staff on a luxury yacht 7R Charter owned (the "vessel"). Calot, the vessel's captain, owned a smaller boat, called the Protector. Calot sometimes used the Protector in his role as the vessel's captain to ferry passengers on diving and fishing ex-

cursions. 7R Charter paid Calot for time he used the Protector in connection with his duties as captain.

Herrera was injured while aboard the Protector with Calot. After sustaining her injuries, Herrera filed a complaint against 7R Charter pursuant to the Jones Act, 46 U.S.C. § 30104. Herrera alleged that 7R Charter was liable for her injuries because Calot was negligent and 7R Charter owed her a duty to provide her with a reasonably safe workplace. As relevant to this appeal, paragraph 8 of the complaint alleged that "[W]hile serving as Chief Stewardess of the Vessel, Ms. Herrera accompanied the Captain of the Vessel, Bernard Calot, in a sea trial of a newly repaired . . . tender to the Vessel," the "Protector." Doc. 1 ¶ 8.[1] It also alleged that she embarked on the sea trial "[d]uring the course of her work and employment" with 7R Charter. *Id.* ¶ 9. The complaint did not include a demand for a jury trial.

7R Charter answered, also without including a jury trial demand. In response to paragraph 8 of the complaint, 7R Charter admitted that, "while serving as a crewmember of the Vessel," Herrera went aboard the Protector with Calot "for [a] sea trial." Doc. 8 at ¶ 8. 7R Charter denied paragraph 9 of the complaint.

Under Rule 38(b) of the Federal Rules of Civil Procedure, Herrera had 14 days after 7R Charter served the answer to demand a trial by jury. *See* Fed. R. Civ. P. 38(b). She did not do so.

---

[1] "Doc." numbers refer to district court docket entries.

During discovery, 7R Charter moved to file an amended answer. 7R Charter stated that it had "learned that the Protector was not" owned by 7R Charter "but in fact owned by Captain Bernard Calot." Doc. 49 at 3. Further, based on medical records from Herrera's injury, it appeared that Herrera "was injured 'while on her own private boat with her family.'" *Id.* at 7 (quoting Doc. 49-2 at 1). Herrera did not oppose the motion.

With the motion still pending at the close of discovery, 7R Charter moved for summary judgment. Before ruling on the motion for summary judgment, the district court granted 7R Charter's motion to file an amended answer. The amended answer changed 7R Charter's response to paragraph 8 of the complaint to: "Admitted that . . . [Herrera] accompanied Calot on his vessel, the Protector, for a joy ride. All other allegations in paragraph 8 are denied." Doc. 73 at ¶ 8. 7R Charter again denied paragraph 9 of the complaint. The amended answer also added several "affirmative defenses." *Id.* at 4. These included that 7R Charter was not liable because "[Herrera] and Calot were not acting in the course of their employment at the time of the accident," *id.* at 5; Herrera "was not acting under the control of 7R Charter, attending to and/or furthering the business of 7R Charter" but instead "was engaged in her own personal business at the time of the accident, and/or the personal business of Calot," *id.* at 8; 7R Charter "did not order or otherwise send Herrera to work [a]board the Protector" on the day of her injuries, *id.*; and Herrera "was pursuing her own affairs" on the day of the injuries, *id.*

Fourteen days after 7R Charter's amended answer was docketed, but before the district court ruled on the summary judgment motion, Herrera filed a demand for a jury trial. 7R Charter moved to strike Herrera's jury trial demand, arguing that it was untimely under Rule 38 and that the amended answer did not revive her right to demand a jury trial. Acknowledging that an amended answer may permit a party to demand a jury trial if the answer raises new issues of fact, 7R Charter asserted that its answer "merely elaborate[d] on and further clarifie[d] its position and defenses, and therefore raise[d] no new issues sufficient to revive" Herrera's right to demand a jury trial. Doc. 92 at 5.

The district court granted 7R Charter's motion for summary judgment and denied as moot its motion to strike Herrera's jury trial demand. Herrera appealed; on appeal we vacated the district court's grant of summary judgment in favor of 7R Charter and remanded for further proceedings.

On remand, 7R Charter renewed its motion to strike Herrera's jury trial demand. Herrera responded that demand was timely under Rule 38 because it was filed within 14 days of 7R Charter's amended answer, which raised "new issues" not included in its original answer. Doc. 157 at 1. She argued, alternatively, that Federal Rule of Civil Procedure 39(b) supported her request for a jury trial, as it permits a district court to "order a jury trial on any issue for which a jury trial might have been demanded." Fed. R. Civ. P. 39(b)(1).

A magistrate judge granted 7R Charter's motion to strike. Herrera objected to the magistrate judge's ruling, and the district court, finding that the magistrate judge's "[o]rder was neither clearly erroneous nor contrary to law," affirmed it. Doc. 205 at 2. The district court held a bench trial, after which it entered a final order finding in favor of 7R Charter.

Herrera has appealed. Her appeal is limited to the district court's disposition of her demand for a jury trial.

## II.

We review the denial of a jury trial demand under Rule 38 *de novo*, recognizing that "denial of a jury trial is reviewed with the most 'exacting scrutiny.'" *Mega Life & Health Ins. Co. v. Pieniozek*, 585 F.3d 1399, 1403 (11th Cir. 2009) (quoting *City of Morgantown v. Royal Ins. Co.*, 337 U.S. 254, 258–60 (1949)). Although the Seventh Amendment civil jury trial right can be waived pursuant to the Federal Rules of Civil Procedure, "[t]he right to trial by jury is fundamental, and this Court indulges every reasonable presumption against waiver." *Id.* (alteration adopted) (internal quotation marks omitted).

A decision by the district court to grant or deny a belated request for a jury trial under Rule 39(b) is "reversible by this court only for an abuse of discretion." *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983).

## III.

Herrera argues that the district court erred in affirming the magistrate judge's order striking her jury trial demand. She asserts that 7R Charter's amended answer contained new issues of fact, which under Rule 38 revived her right to demand a trial by jury. Alternatively, she argues that the district court should have granted her a jury trial pursuant to Rule 39(b). We conclude that the district court[2] did not err, and we take Herrera's arguments in turn.

First, the district court correctly concluded that 7R Charter's amended answer did not revive Herrera's right to demand a jury trial under Rule 38. Under that rule, a party may demand a jury trial on "any issue triable of right by a jury . . . no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). "A party may, however, waive this right by failing to make a timely demand upon the courts." *LaMarca v. Turner*, 995 F.2d 1526, 1545 (11th Cir. 1993). "Such waivers apply only to the issues raised by the pleadings; subsequent amendments to the pleadings can raise 'new issues' for which the right to a jury remains." *Id.* Even so, "[a]mendments to pleadings . . . may contain new facts which do not create new issues triable by a jury." *Id.*

---

[2] We use "district court" here for convenience, recognizing that the district court summarily affirmed the reasoned order of the magistrate judge.

Herrera argues that the amended answer "added new is-sues of fact." Appellant Br. at 11. She asserts that 7R Charter's ini-tial answer "admitted" that the injury occurred while Herrera was acting "within the course and scope" of her employment. *Id.* at 13. Then, she says, 7R Charter's amended answer raised a new fact issue—the question of whether she was acting in the scope of her employment—by alleging that Calot owned the Protector and that, when her injuries occurred, she and Calot were on a joy ride outside the scope of employment rather than a sea trial. Herrera adds that 7R Charter's new affirmative defenses show that "the course and scope issue" was newly raised by the amended an-swer. *Id.* at 24.

We disagree that the amended answer raised a new issue of fact. The Jones Act provides that "[a] seaman injured in the course of employment" may "bring a civil action at law . . . against the employer." 46 U.S.C. § 30104. Thus, an essential element of a Jones Act claim is that the plaintiff was acting within the course of her employment when she was injured. In her complaint, Herrera alleged that, "while working as Chief Stewardess of the Vessel, [she] accompanied" Calot "in a sea trial of . . . [the] Protector." Doc. 1 ¶ 8. She further alleged that, "[d]uring the course of her work and employment, [she] left aboard the [Protector] . . . to perform a sea trial offshore," *id.* ¶ 9, when she ultimately was in-jured. True, in its initial answer, 7R Charter admitted the relevant portions of paragraph 8. But it denied paragraph 9. In other words, 7R Charter denied that Herrera could make the showing

that she was injured "[d]uring the course of her work and employment." *Id.*

In its amended answer, 7R Charter alleged some new facts, including that Calot owned the Protector and that the trip was a joy ride rather than a sea trial. The company denied the rest of the allegations in paragraph 8 and again denied the allegations in paragraph 9 of the complaint. These "[n]ew facts . . . merely clarif[ied] the same general issues raised in the original" answer; they "d[id] not create new issues of fact upon which to assert a jury demand." *LaMarca*, 995 F.2d at 1545 (internal quotation marks omitted). Herrera was required to demonstrate that she was acting in the course of her employment with 7R Charter when she was injured. In its original answer, 7R Charter denied that she could make that showing, thereby making that essential element an issue in the case. 7R Charter's amended answer clarified why it averred that Herrera was not acting as a 7R Charter employee when she sustained her injuries, but it did not for the first time raise the issue.

The additional affirmative defenses in 7R Charter's amended answer do not alter our analysis. There too, 7R Charter merely clarified its assertion that Herrera could not satisfy an essential element of her Jones Act claim. The additional affirmative defenses did not raise, or evidence the raising of, a new issue of fact.

Because 7R Charter's amended answer did not raise a new issue of fact, it did not trigger a new deadline for Herrera to file a demand for a jury trial under Rule 38(b). And because her jury

trial demand was filed years after 7R Charter's original answer, it was untimely under Rule 38, resulting in a waiver of her rights under that rule.

Second, given that her demand for a jury trial was untimely under Rule 38, the district court rightly analyzed Herrera's belated demand under Rule 39(b). In so doing, the district court did not abuse its discretion. "The general rule governing belated jury requests under Rule 39(b) is that the trial court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Parrott*, 707 F.2d at 1267 (internal quotation marks omitted). A district court has "broad discretion when considering Rule 39(b) motions" and should consider:

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

*Id.* "Although the normal practice in the district court is to balance all of the factors enumerated above, when reviewing a lower court's denial of a belated jury request our cases require that appellate courts give considerable weight to the movant's excuse for failing to make a timely jury request." *Id.* "If that failure is due to mere inadvertence on the movant's part, we generally will not reverse the trial court's refusal grant a 39(b) motion." *Id.*

The district court concluded that all five factors weighed against granting the motion. First, the issues posed were not necessarily best tried before a jury. Second, given delays in jury trials resulting from the COVID-19 pandemic and the fact that 7R Charter would need additional time to prepare to try the case before a jury rather than a judge, granting the motion would delay the case. Third, 7R Charter would be prejudiced because it would need more time and, possibly, more discovery. Fourth, the jury demand was filed over 500 days beyond the deadline (which was 14 days after the original answer was filed). And fifth, Herrera had provided no reason why she waited so long to demand a jury trial.

Herrera challenges the district court's determinations as to the second, third, and fourth factors.[3] As regards the second factor, she argues that 7R Charter failed to point to any "specific disruption" in its schedule "resulting from the timing of Herrera's jury trial demand." Appellant Br. at 30. But that is not the question in factor two. It is whether granting the motion, not the timing of the motion, will cause a disruption. Here, the district court was within its discretion to consider the impact of COVID-19 on jury trial scheduling. As to the third factor, Herrera takes issue

---

[3] She argues that 7R Charter "concedes that only three of the five factors possibly weigh in its favor," Appellant Br. at 27, but that is plainly incorrect. The district court found that all five factors favored 7R Charter, and 7R Charter's choice to expressly defend four (not three) of those factors in its brief as appellee is no concession that the district court erred as to the other factor.

with 7R Charter's assertion that it would suffer prejudice because trial preparation "is different for a jury trial," noting that some steps had been taken in the district court to prepare for such a trial. *Id.* at 28. Even given some jury trial preparation, however, the district court was within its discretion to weigh against Herrera any additional prejudice, however small, to 7R Charter. Herrera argues that the fourth factor, delay in making the demand, weighs in her favor, but in so doing she calculates the delay from the date of 7R Charter's amended answer, and as we have explained that is not the pleading that triggered her deadline to file a jury trial demand. In sum, we can discern no abuse of discretion in the court's weighing of the factors, particularly given the lack of explanation from Herrera regarding the delay in demanding a jury trial. Thus, we will not disturb the denial of her belated request for a jury trial under Rule 39(b).

## IV.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**