JOHN THOMPSON BEACON WINDOWS, Ltd., Appellant,

v.

FERRO, Inc., Appellee.

No. 12781.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 9, 1955.

Decided March 29, 1956.

Mr. Scott P. Crampton, Washington, D. C., for appellant.

Mr. Bolling R. Powell, Jr., Washington, D. C., for appellee.

Before PRETTYMAN, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

The appeal is from an order of the District Court overruling appellant's motion to compel arbitration. The motion was made in proceedings to secure arbitration initiated by appellant's petition filed pursuant to section 4 of the Federal Arbitration Act, 61 Stat. 671 (1947), 9 U.S.C. § 4 (1952), which provides, *inter alia*:

"A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may peti-

tion any court of the United States which, save for such agreement, would have jurisdiction * * * of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. * * * "

The dispute which appellant wants arbitrated concerns an alleged breach by appellee of his obligation to pay to appellant the purchase price for goods shipped by appellant to appellee under two contracts of sale. In its petition for arbitration, appellant alleged that these contracts contained arbitration clauses,[1] that it had requested appellee to submit the dispute to arbitration, and that appellee refused to do so. Appellee opposed the petition primarily on the ground that the arbitration clause was no longer in force. It contended that there had been a material breach of the contracts because of tardy delivery of the goods, and that because of this breach it had revoked the contracts in their entirety, including the arbitration clauses. Appellee admitted that it accepted the goods and had not paid the claimed purchase price, but argued that this was justified because of the new contractual arrangement under which it accepted the goods. It also alleged that appellant's breach of the original contracts resulted in substantial damage to appellee.[2] Another reason for denying arbitration which was suggested to the court was the possibility that appellant had been guilty of laches in requesting arbitration.[3]

Section 4 of the Act provides that after hearing the parties the court shall order arbitration "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." If the court is not so satisfied, however, it is "summarily" to try the issues upon which the petitioner's right to arbitration depends. If the party alleged to be in default demands a jury trial, "the court shall make an order referring the issue or issues to a jury in the manner provided by law for referring to a jury issues in an equity action, or may specially call a jury for that purpose." If after such a trial by court or jury the petitioner's right to arbitration is established, the court "shall make an order summarily directing the parties to proceed with the arbitration." If, on the other hand, the issues are determined adversely to the petitioner, the court shall dismiss the proceeding.

The procedure contemplated by section 4 has not yet been pursued to the extent required, and we are constrained to hold that the order appealed from is not a "final decision" within our appellate jurisdiction under the applicable statute, 62 Stat. 929 (1948), 28 U.S.C. § 1291 (1952). The District Court did not dismiss appellant's petition; its order merely overruled the motion to compel arbitration. Although the court did not state the grounds for its action, apparently the court thought it should decide whether the contract had been revoked[4] or whether appellant's demand for arbitration was barred by laches. If no appeal had been

1. These clauses were alleged to provide: "ARBITRATION: Any controversy or claim arising out of or related to this contract or the breach thereof, shall be settled by arbitration in accordance with the rules, then obtaining, of the American Arbitration Association, and judgment upon the award rendered may be entered in the highest court of the forum, state or federal, having jurisdiction. The law of the District of Columbia shall control in connection with the construing and enforcing this agreement."

2. Appellee's contention seems to have been that the damages were greater than the proceeds of resale, or else that it is entitled to retain these proceeds as security for payment by appellant of compensation for the alleged damages.

3. This argument was not clearly raised in appellee's answer filed in the District Court, but was the subject of consideration by the court during the hearing

4. It is not disputed the contract was made, and that arbitration was refused by appellee.

taken the question of revocation or laches would have been finally determined in a trial to the court or jury, and arbitration would then have been ordered or the petition therefor dismissed. If the former the ultimate relief sought by appellant's petition would have been granted; if the latter an appeal would lie.[5]

Appellant contends that the order was a "final decision" because it was a final determination that the question of revocation was for the court.[6] It urges that the issue of revocation of an initially valid contract is for the arbitrators under the plain wording of section 4, which reserves to the court only issues concerning "the making of the agreement for arbitration" and "the failure to comply therewith." Consequently, the argument goes, when the court declined to order arbitration on the ground that the alleged revocation raised an issue for the court it not only erred but made a "final decision" on appellant's claim that the validity of the revocation was not to be passed on by the court. Appellant urges that the policy of speedy disposition of arbitration cases favors the adoption of its contention.

██ Even assuming that the court did finally dispose of this particular argument, and did not base its order upon the possibility of laches,[7] and despite the force of appellant's position on the merits,[8] the order cannot be termed a "final decision." When an order deals with a claim which is an ingredient of a cause of action, that is, when it does not decide a collateral issue such as the necessity for giving security for costs, see, e. g., Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528; Swift & Co. Packers v. Compania, etc., Caribe, 339 U.S. 684, 70 S.Ct. 861, 94 L. Ed. 1206; United States v. Cefaratti, 91 U.S.App.D.C. 297, 202 F.2d 13, to qualify as a "final decision" it must generally be one which "disposes of the whole case on its merits."[9] Bostwick v. Brinkerhoff, 106 U.S. 3, 4, 1 S.Ct. 15, 16, 27 L.Ed. 73, quoted in Jacobsen v. Jacobsen, 75 U.S.App.D.C. 223, 225, 126 F.2d 13, 15. See, also, Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911; Serkowich v. Wardell, 69 App.D.C. 389, 102 F.2d 253; 6 Moore's Federal Practice 116 (2d ed. 1953). The order in this case did not dispose of the merits of the entire claim. The claim was one for arbitration, and consisted of more than the contention that the issue of revocation should be decided by arbitrators rather than by the

5. Even an order compelling arbitration might be appealable. See note 10 infra.

6. Appellant does not contend that the question of laches is not for the court, apparently in deference to decisions to the contrary, such as Reconstruction Finance Corporation v. Harrisons & Crosfield, 2 Cir., 204 F.2d 366, 37 A.L.R.2d 1117. It does argue, however, that it was not guilty of laches.

7. See note 6 supra.

8. The New York Court of Appeals in interpreting a substantially similar statute has held that the issue of cancellation is for the arbitrators, not the court. Lipman v. Haeuser Shellac Co., 289 N.Y. 76, 43 N.E.2d 817, 142 A.L.R. 1088. See, also, Behrens v. Feuerring, 296 N.Y. 172, 71 N.E.2d 454. Commentators have forcefully attacked the theory that anything but questions relating to the initial validity of the arbitration clause are reserved to the court under § 4. See,

e. g., Comment, "Judicial Exercise of Equitable Discretion in Enforcement of Arbitration Contracts," 21 U.Chi.L.Rev. 719. For a relevant criticism of some New York decisions, see Comment, "Judicial Innovations in the New York Arbitration Law," 21 U.Chi.L.Rev. 148.

9. The Supreme Court has established an exception to this rule where "the controversy had proceeded to a point where a losing party would be irreparably injured if review were unavailing." Republic Natural Gas Co. v. State of Oklahoma, 334 U.S. 62, 68, 68 S.Ct. 972, 976, 92 L. Ed. 1212. See, also, Forgay v. Conrad, 6 How. 201, 47 U.S. 201, 12 L.Ed. 404; Craighead v. Wilson, 18 How. 199, 202, 59 U.S. 199, 202, 15 L.Ed. 332; Radio Station WOW v. Johnson, 326 U.S. 120, 65 S.Ct. 1475, 89 L.Ed. 2092; 6 Moore's Federal Practice 124–135 (2d ed. 1953). There is no suggestion that the circumstances of this case are so unique as to call for the application of this exception.

court. Appellant asked for arbitration of the question "whether there is due John Thompson Beacon Windows Ltd. from Ferro, Inc. the sum of $21,336.00, and if not, what sums are actually due from Ferro, Inc. to John Thompson Beacon Windows Ltd." Thus the relief sought was arbitration which would cover all questions involved in the dispute, including the validity of the revocation, the terms of any superseding contract, the amount of damages resulting from later delivery, and the amount of proceeds of resale by appellee. This claim for relief will not be finally decided at least until the District Court either orders arbitration or dismisses the proceeding,[10] even if there has already been a determination of a part of the cause of action, namely, whether there should be arbitration of the issue of revocation. And delay in arbitration can be avoided, to the extent possible, because section 4 requires the District Court "summarily" to try the case, or, if a jury trial is requested, the court may specially summon the jury.

Appellant has not argued that the relief he seeks is in the nature of a mandatory injunction and hence that the District Court's order is appealable under 62 Stat. 929 (1948), 28 U.S.C. § 1292(1) (1952), as an interlocutory order refusing an injunction. In any event we do not believe this section is applicable. The suit was not for injunctive relief in the traditional sense, nor even for specific performance strictly speaking. It was for a unique statutory remedy. Although in some circumstances we might be led to conclude that certain relief, though not nominally injunctive, falls within the intent of section 1292(1), this is not such a case. To the contrary, such a holding would interfere with the orderly procedure established by Congress in the Federal Arbitration Act by allowing an appeal in every case as soon as the court makes

the required preliminary determination whether there is an issue to be tried. And such a result would also be opposed to the well-established federal policy against piecemeal appeals. See, e. g., Baltimore Contractors v. Bodinger, 348 U.S. 176, 178, 75 S.Ct. 249, 99 L.Ed. 233. The only two decisions we have discovered which involve the question of the appealability under section 1292 (1) of an order denying arbitration *a fortiori* support the position we adopt. Wilson Bros. v. Textile Workers Union, 2 Cir., 224 F.2d 176; Turkish State Railways Administration v. Vulcan Iron Works, 3 Cir., 230 F.2d 108. Cf., generally, Morgenstern Chemical Co. v. Schering Corp., 3 Cir., 181 F.2d 160; Hook v. Hook & Ackerman, Inc., 3 Cir., 213 F.2d 122, 128; Division 689, etc. v. Capital Transit Co., 97 U.S.App.D.C. 4, 227 F.2d 19; 6 Moore's Federal Practice 49–51 (2d ed. 1953).

Dismissed for lack of jurisdiction.

10. There is judicial conflict over whether an order compelling arbitration in a § 4 proceeding is appealable as a "final decision." The contrasting theories are

presented in Stathatos v. Arnold Bernstein S.S. Corp., 2 Cir., 202 F.2d 525. See, also, Continental Grain Co. v. Dant & Russell, 9 Cir., 118 F.2d 967.