**TRAVEL CONSULTANTS, INC.,**
**Appellant,**

v.

**TRAVEL MANAGEMENT CORPORATION, Appellee.**

**No. 19878.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 11, 1966.

Decided Sept. 28, 1966.

Mr. Worth Rowley, Washington, D. C., for appellant. Mr. Lenox G. Cooper, Washington, D. C., also entered an appearance for appellant.

Mr. Lucien Hilmer, Washington, D. C., with whom Mr. J. H. Krug, Washington, D. C., was on the brief, for appellee.

Before BASTIAN, Senior Circuit Judge, and BURGER and LEVENTHAL, Circuit Judges.

LEVENTHAL, Circuit Judge:

Appellant Travel Consultants, Inc., (Consultants) is a District of Columbia travel agency. Appellee Travel Management Corp. (Management) is a Delaware corporation authorized to do business in the District of Columbia. On August 7, 1962, three agreements were entered into which Consultants says, and we will assume, constitute an integrated series of agreements for the purpose of co-ordinating the two businesses.

In the Stock Purchase Agreement, Consultants agreed to purchase 50,000 shares of Management for $100,000. In the Sales Agreement, Consultants designated Management as its wholesale agent for the placement of travel services sold by Consultants, in Washington or elsewhere, with provision for Management to share in the profits of Consultants. Under the "Employment Agreement" Mr. N. Sidney Nyhus, the founder and principal employee of Consultants, was hired by Management on a full-time basis in an executive capacity.

The Sales Agreement contained this arbitration clause:

10. Any controversy or claim arising out of, or in connection with this Agreement or the breach thereof shall be determined by arbitration pursuant to the rules then obtaining of the American Arbitration Association and the laws of the District of Columbia. Such arbitration shall be held in the District of Columbia.

The other agreements contained no arbitration clause.

On August 3, 1965, Management brought this action in the District Court for specific performance of the Stock Purchase Agreement, alleging that Consultants had defaulted in its installment payments, and that Management had no adequate remedy at law. On the same day Management instituted arbitration proceedings against Consultants under the Sales Agreement, alleging various breaches of the agreement and seeking an accounting, damages and specific performance.

In the court action, the answer of Consultants denied that Management was entitled to specific performance of the Stock Purchase Agreement. Consultants also interposed a "Second Defense and Counterclaim," which alleged that the three agreements of August 7, 1962 were interdependent,[1] that each was "entered into in consideration of and reliance upon the other two Agreements;" that after termination of the Employment Agreement by mutual consent of Management and Nyhus, Management had been unable to perform its obligations under the Sales Agreement, and that this default terminated the obligations of Consultants under the Stock Purchase Agreement; and that because of the interdependency of the Agreements, the issues in the lawsuit and the arbitration proceeding were the same, so that arbitration should be stayed pending the court action. As counterclaimant Consultants prayed as follows:

a. That the Court order an accounting between the parties to this action so that their respective obligations to one another under the Stock Purchase Agreement and the Sales Agreement and the termination of said Agreements

---

1. Consultants alleged that:

The Sales Agreement was commercially impossible of performance by the plaintiff (Management) but for the co-ordinated administration of it through the personal service of Mr. Nyhus, as provided by the Employment Agreement, because of Mr. Nyhus' specific familiarity and expertness in the business operations of the defendant (Consultants). The Stock Purchase Agreement looked to the defendant's (Consultants) profits under Mr. Nyhus' executive direction, as both a source of funds for the defendant's (Consultants) purchase of stock and the measure of its obligation to make certain purchases.

may be fully determined and adjudicated;

b. That the defendant be awarded his damages for the plaintiff's nonperformance of its obligations to defendant under the Sales Agreement, as aforesaid;

c. That the plaintiff be restrained and enjoined from taking any further action seeking to enforce the Stock Purchase Agreement and the Sales Agreement; and

d. That the defendant be granted such other and further relief as to the Court seems meet and justice may require.

Management's reply to the counterclaim interposed the defense that any claim of Consultants based on the Sales Agreement was referable to arbitration. Management moved under § 3 of the Arbitration Act, 9 U.S.C. § 3, to stay proceedings on Consultants' second defense and counterclaim "insofar as it raises issues, claims and controversies under the Sales Agreement," Consultants filed a counter-motion to stay the arbitration pendente lite. The District Court granted Management's motion and denied Consultants' motion.

■■ Management contends that this court has no jurisdiction to hear the appeal filed by Consultants. Admittedly, the District Court's order is not an appealable final decision within the meaning of 28 U.S.C. § 1291. The question is whether jurisdiction over the appeal lies under 28 U.S.C. § 1292(a) (1), which permits appeals from "[i]nterlocutory orders * * * granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions * * *." In a series of decisions culminating in Baltimore Contractors,

Inc. v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955), the Supreme Court has held that some stays by trial courts of court proceedings pending arbitration amount to "injunctions" for the purpose of § 1292(a) (1). Where the stay sought is of an action that would have been an action at law before the fusion of law and equity, the grant or denial of such stay is appealable;[2] where the order stays an action that would have been brought in equity before the merger, the order is not appealable.[3] The theory is that the stay, if sought of a law action, is analogous to a chancellor enjoining proceedings in the law court, a separate forum, whereas a stay of an equitable action represents merely an ordering of judicial business in a single proceeding in equity. This residue of the historic law-equity distinction has been sharply criticized.[4] But *Baltimore Contractors* makes clear that the Supreme Court appreciated that "[t]he incongruity of taking jurisdiction from a stay in a law type and denying jurisdiction in an equity type proceedings springs from the persistence of outmoded procedural differentiations." The Court was aware that "simplification would follow from an assumption or denial of jurisdiction in both." Yet the Court concluded the distinction was rooted in the precedents and should be followed. 348 U.S. at 184–185, 75 S.Ct. 249, 254.

■■ And so to determine jurisdiction we must ascertain whether the order appealed from was one relating to an action at law or in equity. Management's action for specific performance of the Stock Purchase Agreement is equitable. But the order stays proceedings on Consultants' second defense and counterclaim. In that pleading Consultants did

2. *E.g.*, Ettelson v. Metropolitan Life Ins. Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942); Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935); Council of Western Elec. Technical Employees v. Western Elec. Co., 238 F.2d 892 (2d Cir. 1956).

3. *E.g.*, Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 75 S.Ct. 249 (1955);

City of Morgantown v. Royal Ins. Co., 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347 (1949); Alexander v. Pacific Maritime Ass'n, 332 F.2d 266 (9th Cir.), cert. denied, 379 U.S. 882, 85 S.Ct. 150, 13 L.Ed. 88 (1964); Kirschner v. West Co., 300 F.2d 133 (3d Cir. 1962).

4. See 7A MOORE, FEDERAL PRACTICE § 1292, at JC-424-27 (2d ed. 1966).

essentially two things: First, it interposed a defense to Management's equitable action, on the theory that its obligations under the Stock Purchase Agreement were terminated when Management failed to perform its obligations under the Sales Agreement. Second, it set out a counterclaim based upon Management's alleged breach of the Sales Agreement. Consultants' defense, though based upon its claims under the Sales Agreement, is clearly, as a responsive pleading, part and parcel of the equity suit brought by Management. Insofar as the District Court's order stays the proceeding on this defense pending arbitration, the order is a stay in and of an equitable proceeding that is not appealable under the *Baltimore Contractors* rule.

■■■ The counterclaim, however, seems to us to be essentially an action at law, for breach of the Sales Agreement. Consultants sought damages and demanded a jury trial. This action was not divested of its character as an action at law because Consultants also asked for an accounting of the parties' respective obligations under the two Agreements, as well as "such other and further relief as to the Court seems meet and justice may require." Appealability of an order restraining a legal action is, we think, governed by the same principles whether the legal claim is asserted by counterclaim or in an initial action. We conclude that the order staying the counterclaim pending arbitration is appealable under § 1292(a) (1).

We are aware of the anomaly in taking jurisdiction of the appeal from one part of the order but not of the appeal of the other part. This ensues from the premise of *Baltimore Contractors*. There may be cases where the legal action set forth in a pleading is so subordinate as to require that it be overlooked for purposes of denying an interlocutory appeal. See Alexander v. Pacific Maritime Ass'n, supra note 3. Here, however, Consultants presents a distinct action for damages under the Sales Agreement. We believe it our duty to persist with the anomalous rule unless and until it is

changed by Congress or the Supreme Court. The anomaly may be mitigated by recourse to the provisions added by Congress in 1958, 28 U.S.C. § 1292(b), whereby the courts may permit appeal of the entire order and not merely the portion appealable as of right.

■■■ On the merits we are in agreement with the District Court. The issues raised by the counterclaim are committed to arbitration by the arbitration clause of the Sales Agreement. That clause, set out above, is extremely broad, covering "any controversy or claim arising out of, or in connection with this Agreement *or the breach thereof.*" (Emphasis added.) We see no reason for reading into the simultaneously executed Stock Agreement, which contains no arbitration clause, any qualification upon the parties' obligation to arbitrate disputes under the Sales Agreement. Whether the agreements are independent or interdependent is immaterial for purposes of determining whether Consultants was bound to arbitrate its claims under the Sales Agreement. Consultants cannot escape the effect of the arbitration clause by arguing that the Sales Agreement questions are affected by issues under the Employment Agreement, or that the arbitration of the Sales Agreement questions will affect the resolution of issues in the litigation under the Stock Purchase Agreement. Neither the arbitration clause itself, nor the stay of the counterclaim, prevents Consultants from pursuing its theory that the three agreements of August 7, 1962, are interdependent. However, its argument that Management defaulted on the Sales Agreement when it terminated the Employment Agreement must be presented in the arbitration proceeding under the Sales Agreement. Consultants may present to the court its theory that Management's breach of the Sales Agreement excused the failure of Consultants to perform under the Stock Purchase Agreement. In granting Management's motion for stay, the District Judge stated that the allegations of Consultants with respect to interdependence "are at variance with the written contracts." It is not

certain whether or not he intended to foredoom Consultants' defense completely. Since this relates to the defense to the action for specific performance, and not to the counterclaim, the issue is not before us now, and Consultants' rights in that respect are not touched by our decision.

 Consultants complains of the burden of pursuing two actions concurrently in two different forums, and asks for a ruling that either all or none of the actions be referred to arbitration. That burden falls on Consultants because it signed two different agreements with the same party, one requiring arbitration, and the other containing no arbitration provision. Consultants shouldered that burden voluntarily, and we see no basis for judicial interposition.

Insofar as the order appealed from stays Consultants' counterclaim pending arbitration under the Sales Agreement and denies Consultants' motion to enjoin arbitration, it is affirmed. Insofar as the order stays proceedings on Consultants' defense to Management's action for specific performance on the Stock Purchase Agreement, this court lacks jurisdiction and expresses no opinion; the appeal from that part of the order is dismissed.

It is so ordered.