**EPHRAIM FREIGHTWAYS, INC.,**
Appellant,

v.

**RED BALL MOTOR FREIGHT, INC.,**
Appellee.

No. 9068.

United States Court of Appeals
Tenth Circuit.

April 17, 1967.

Stockton, Lewis & Mitchell, Denver, Colo. (Truman A. Stockton, Jr., John H. Lewis, and William F. Schenkein, Denver, Colo., on the brief), for appellant.

Edward T. Lyons, Jr., of Jones, Meiklejohn, Kehl & Lyons, Denver, Colo. (T. Peter Craven, Denver, Colo., on the brief), for appellee.

Before PICKETT, BREITENSTEIN and HICKEY, Circuit Judges.

PICKETT, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of Colorado denying a motion to stay all proceedings pending determination by the Colorado Public Utilities Commission of another case said to be determinative herein.

Red Ball Motor Freight, Inc. brought a diversity action against Ephraim Freightways, Inc. for an injunction and damages. Red Ball is a common carrier by motor vehicle, holding a certificate of public convenience and necessity issued by the Colorado Public Utilities Commission. Ephraim is a private (contract) carrier of property by motor vehicle under a permit issued by the Colorado Public Utilities Commission. Red Ball's complaint, based upon applicable Colorado law, alleges that Ephraim has unlawfully operated as a common carrier of property in competition with Red Ball. Ephraim denies that it has engaged in any unlawful operations, either as a common carrier or as a private carrier. Ephraim interposed a motion to stay all proceedings in the matter until final determination of a case pending before the Colorado Public Utilities Commission, and alleged that the resolution of the issues therein would be determinative in the present case. The motion was denied.

We are confronted with a preliminary question of appellate jurisdiction. It is apparent that the order denying the motion to stay is not a final decision under 28 U.S.C. § 1291. Therefore, the order is appealable, if at all, only as an interlocutory order refusing an injunction under 28 U.S.C. § 1292(a)(1), which permits appeals from "(i)nterlocutory orders * * * granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions * * *." It has been made clear in a series of United States Supreme Court decisions that an order staying or refusing to stay proceedings in the United States District Court is appealable as an interlocutory injunction only if the action in which the order was made is essentially an action at law and the stay was sought to permit the prior determination of some related equitable matter. Baltimore Contractors v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233; City of Morgantown, W. Va. v. Royal Ins. Co., 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347; Ettelson v. Metropolitan Ins. Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176; Shanferoke, etc., Co. v. Westchester Co., 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583; Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440. See also, Schine v. Schine, 2 Cir., 367 F.2d 685; Travel Consultants, Inc. v. Travel Management Corp., D.C.Cir., 367 F.2d 334; Jackson Brewing Co. v. Clark, 5 Cir., 303 F.2d 844, cert. denied 371 U.S. 891, 83 S.Ct. 190, 9 L.Ed.2d 124. This action for injunctive relief, as authorized by applicable Colorado statutes, is essentially equitable in nature, even though in order to obtain complete relief an award of damages is also sought. Equitable injunction includes the power to provide complete relief in light of the statutory purpose. Mitchell v. Robert De Mario Jewelry, Inc., 361 U.S. 288, 80 S.Ct. 332, 4 L.Ed.2d 323; Schine v. Schine, supra. Cf. Kirschner v. West Co., 3 Cir., 300 F.2d 133. Ephraim sought the stay not to permit the prior determination of a related equitable matter, such as a defense or a counterclaim, but rather for the purpose of deferring the action until the determination of an administrative proceeding, involving separate parties, pending before the Colorado Public Utilities Commission, a quasi-judicial, regulatory agency. Such an administrative proceeding is not to be equated with an historical equity action. Allied Air Freight, Inc. v. Pan American World Airways, Inc., 2 Cir., 340 F.2d 160, cert. denied 381 U.S. 924, 85 S.Ct. 1560, 14 L.Ed.2d 683.

Appeal dismissed.