**BLOUNT BROTHERS CONSTRUCTION COMPANY, Appellant,**

v.

**Joseph TROITINO, doing business as Troitino Construction Company, Appellee.**

**No. 19889.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 8, 1966.

Decided Feb. 10, 1967.

Supplemental Opinion on Rehearing Aug. 21, 1967.

Frederick A. Ballard, Washington, D. C., and Frank H. McFadden, Birmingham, Ala., of the bar of the Supreme Court of Alabama, pro hac vice, by special leave of court, for appellant.

Kahl K. Spriggs, Washington, D. C., with whom John F. Myers, Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and DANAHER and TAMM, Circuit Judges.

WILBUR K. MILLER, Senior Circuit Judge.

On November 3, 1960, the appellant, Blount Brothers Construction Company, entered into a contract with the District of Columbia by the terms of which it agreed to construct a portion of the highway and railroad-trestle development in southwest Washington known as the Southwest Freeway. On April 20, 1961, a subcontract was entered into by Blount

and the appellee, Troitino Construction Company, in which the latter agreed to furnish and install the stonework required by the prime contract.

The construction called for by the prime contract and subcontract was completed, and accepted by the District of Columbia, which paid the contract price to Blount. After that, and on May 24, 1965, Troitino sued Blount in the United States District Court for the District of Columbia for $82,397.26, allegedly due as an unpaid balance for the performance of the subcontract and for certain extra work.

Blount filed on June 15, 1965, a motion for an order directing Troitino to arbitrate "the disputes which have arisen under the contract between" them "as required by Article XIII [1] of the contract; and staying further proceedings herein pending issuance of the arbitration award." The motion was denied by Judge Youngdahl July 21, 1965, on the grounds that the record did not show an issue referable to arbitration, and did not show that the contract sued on involved a transaction in commerce within the meaning of Section 2 of the Federal Arbitration Act. The order of denial recited that it was "without prejudice to the defendant [Blount] to make a new motion containing a proper and complete factual and legal foundation."

Blount filed on August 3, 1965, a memorandum denominated "Supplemental Motion to Enforce Agreement for Arbitration and for Stay of Further Proceedings Pending Arbitration," to which it attached an affidavit of its counsel in which he stated the issues as he understood them. It also attached affidavits of certain employees purporting to show that the contracts involved interstate commerce.

Apparently this supplemental motion was argued before Judge Jones on August 26, 1965, but was continued for a further showing by Blount. It came on for hearing on October 28, 1965, before Judge McGarraghy, who, after hearing argument, denied the motion on November 5, 1965.

Blount filed on November 15, 1965, an answer to the complaint and a counterclaim for $300,000. On the next day—November 16—Blount moved for rehearing of its motion to enforce arbitration and for a stay. The motion was denied by Judge McGarraghy November 23, 1965. On December 3, 1965, Blount filed a notice of appeal from the order of November 5 which denied its supplemental motion.

■ Before considering the interesting arguments of learned counsel concerning the merits of the appeal, we must determine whether we have jurisdiction. The order appealed from is indubitably interlocutory. If jurisdiction exists, it must arise from 28 U.S.C. § 1292(a) (1), which is as follows:

"(a) The courts of appeals shall have jurisdiction of appeals from:

"(1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modify-

1. Article XIII of the subcontract is as follows:

"If any question of fact shall arise under this contract and there is no provision for settlement in the General Contract, then either party hereto may demand an arbitration by reference to a board of arbitration, to consist of one person selected by Contractor, and one person selected by Subcontractor, and these two to select a third; and in case these two shall fail to select a third within three days, either party hereto shall have the right to request that the third arbitrator be named by the American Arbitration Association. In case either party fails to name an arbitrator within three days after requested to do so, then the other party shall have the right to request the American Arbitration Association to name an arbitrator to represent the party so failing to name one. The written decision of any two of this Board shall be final and binding on both parties hereto. Each party shall pay one-half of the expense of such reference."

ing, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court."

It is settled that an order denying a motion to enforce arbitration and a concomitant stay is not equivalent to an order refusing an injunction. Division 689, etc. v. Capital Transit Co., 97 U.S. App.D.C. 4, 227 F.2d 19 (1955); John Thompson Beacon Windows v. Ferro, Inc., 98 U.S.App.D.C. 109, 232 F.2d 366 (1956). In the latter case, after holding that the District Court order overruling a motion to compel arbitration was not a final order, we said:

"Appellant has not argued that the relief he seeks is in the nature of a mandatory injunction and hence that the District Court's order is appealable under 62 Stat. 929 (1948), 28 U.S.C. § 1292(1) (1952), as an interlocutory order refusing an injunction. In any event we do not believe this section is applicable. The suit was not for injunctive relief in the traditional sense, nor even for specific performance strictly speaking. It was for a unique statutory remedy. * * *"

See also Lummus Company v. Commonwealth Oil Refining Company, 297 F.2d 80 (2nd Cir. 1961).

The Supreme Court said, in the recent case of Switzerland Cheese Ass'n v. Horne's Market, 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966):

"* * * Orders that in no way touch on the merits of the claim but only relate to pretrial procedures are not in our view 'interlocutory' within the meaning of § 1292(a) (1). We see no other way to protect the integrity of the congressional policy against piecemeal appeals."

From the foregoing, we conclude that we have no jurisdiction.

Appeal dismissed.

*Supplemental Opinion Following Petition for Rehearing*

Before Wilbur K. Miller, Senior Circuit Judge and Danaher and Tamm, Circuit Judges, in Chambers.

PER CURIAM:

In our original opinion we said enough to demonstrate the existence of a close question respecting our jurisdiction. Others of our colleagues are of the view that, in some situations at least, jurisdiction will lie.[1] After our opinion had been issued as of February 10, 1967, the appellant sought rehearing which, not unnaturally was opposed by the appellee. Even so, we have reviewed the claims of the parties both with respect to rehearing and as originally urged.

We proceed now upon the assumption that the case is properly here. From the record under review it is obvious that the appellee had sought damages alleging breach of contract. The appellant had filed its counterclaim after its motion to enforce an arbitration agreement had in one form or other been argued and denied by each of several District Judges. The net effect of the action sought by the appellant in the District Court would have been to cause that court to stay its own hand respecting the appellant's own counterclaim.

We see no abuse of discretion on the part of the District Court in its denial of the appellant's motion to refer the claims at issue to an arbitrator. Moreover, we see no reason why the case cannot be tried.

The appellee had sought damages for amounts allegedly due as unpaid balances arising from performance of a subcontract and for certain extra work. The appellant had filed its counterclaim for alleged breach of the subcontract by reason of delay and for damages allegedly due on that account. It seems apparent

1. Travel Consultants, Inc. v. Travel Management Corp., 125 U.S.App.D.C. 108, 367 F.2d 334 (1966), cert. denied 386 U.S. 912, 87 S.Ct. 861, 17 L.Ed.2d 785 (1967). We need not pause to undertake an analysis of certain factors which might be said to distinguish the instant case from the issue presented in *Travel Consultants*. *Cf.* Switzerland Cheese Ass'n v. Horne's Market, 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966).

that the conflict is such that the case is not one for summary judgment, and the issues of fact may very properly be resolved in a trial.

Since we are not convinced that the District Court erred in declining to enforce arbitration and in denying the appellant's motion for a stay, the orders appealed from are

Affirmed.

