**Eugene PEPPER, Plaintiff-Appellee,**

v.

**Phillip N. MIANI; and Maduff & Sons, Inc., a Colorado corporation, Defendants-Appellants.**

**No. 82–2357.**

United States Court of Appeals, Tenth Circuit.

May 21, 1984.

Leslie A. Blau, Gen. Counsel, Maduff & Sons, Inc., Chicago, Ill. (R. Eric Peterson and John M. Lebsack of White & Steele, Denver, Colo., with him on the brief), for defendants-appellants.

John S. Retrum of Polidori, Rasmussen, Gerome & Jacobson, Lakewood, Colo., for plaintiff-appellee.

Before SETH, Chief Judge, and SEYMOUR and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir. R. 10(e). This cause is therefore ordered submitted without oral argument.

This is an appeal from an order of the district court denying a motion to stay or dismiss all proceedings and to direct the parties to participate in reparations proceedings before the Commodity Futures Trading Commission.

Plaintiff, Eugene Pepper, entered into a commodity agreement with defendants, Phillip Miani and Maduff & Sons, Inc., establishing a trading account for plaintiff in commodities, commodity options, and commodity futures. Before the parties entered into the agreement, Miani allegedly promised to manage the account and to keep plaintiff's losses, if any, below three to four thousand dollars. After plaintiff allegedly sustained trading losses of approximately $12,920, he brought this suit for breach of contract, for violation of the Commodity Exchange Act, 7 U.S.C. §§ 1–26, and for various torts. Defendants moved that the district court dismiss or stay the action and direct the parties to take the claims before the Commodity Futures Trading Commission. Defendants relied on a section of the commodity agreement that provides, "In the event of any claim by the Customer against the Broker or the Clearing Agent in any way involving commodities, funds or transactions subject to the Commodity Exchange Act, the parties agree that such claim will be resolved by resort to Reparations Proceedings pursuant to that Act." The district court denied the motion, and defendants appeal.

The threshold question is whether we have jurisdiction to review the district court's denial of the motion. Defendants contend that appellate jurisdiction exists because the district court's order was an interlocutory order refusing an injunction under 28 U.S.C. § 1292(a)(1). Under the *Enelow-Ettelson* doctrine, an order staying or refusing to stay proceedings is appealable under § 1292(a)(1) only if the initial action is essentially an action at law and the stay was sought to permit the prior determination of some equitable defense or counterclaim. *Hart v. Orion Insurance Co.*, 427 F.2d 528, 530 (10th Cir.1970); see *Ettelson v. Metropolitan Life Insurance Co.*, 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176

(1942); *Enelow v. New York Life Insurance Co.*, 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935). In contending that they sought the stay to permit the prior determination of an equitable defense, defendants rely on *Shanferoke Coal & Supply Corp. v. Westchester Service Corp.*, 293 U.S. 449, 452, 55 S.Ct. 313, 314, 79 L.Ed. 583 (1935), in which the Court held that a ruling on a motion for a stay based on an arbitration agreement was appealable under § 1292(a)(1). Defendants argue that a ruling on a motion for a stay based on an agreement to resolve disputes in administrative proceedings is analogous and hence appealable under § 1292(a)(1).

We acknowledge that a stay pending resolution of administrative proceedings is analytically similar to a stay pending arbitration. More recent Supreme Court decisions suggest, however, that the *Enelow-Ettelson* doctrine should not be extended "on merely logical grounds." 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 110.20[4], at 252 (2d ed. 1983); see, e.g., *Baltimore Contractors v. Bodinger*, 348 U.S. 176, 184–85, 75 S.Ct. 249, 254–55, 99 L.Ed. 233 (1955) (refusing to extend doctrine even though "outmoded procedural distinctions" upon which doctrine is based led to incongruous result). Thus, especially in light of widespread criticism regarding both the historical accuracy of the *Enelow-Ettelson* rule and the anomalous results that the rule creates, see, e.g., *Hayes v. Allstate Insurance Co.*, 722 F.2d 1332, 1336–41 (7th Cir.1983) (Posner, J., dissenting); *Wallace v. Norman Industries, Inc.*, 467 F.2d 824, 827 (5th Cir.1972); C. Wright, *The Law of Federal Courts* 710–11 (4th ed. 1983), most courts have refused to extend the doctrine beyond the precise situations in which the Supreme Court has approved it. *See generally* 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶¶ 110.20[3]–.20[4], at 240–53 (2d ed. 1983). Furthermore, reparations proceedings under 7 U.S.C. § 18 are administrative, quasi-judicial proceedings. This Court has held that an order granting or denying a stay pending the outcome of

such proceedings is not appealable under 28 U.S.C. § 1292(a)(1). *Ephraim Freightways, Inc. v. Red Ball Motor Freight Co.,* 376 F.2d 40 (10th Cir.), *cert. denied,* 389 U.S. 829, 88 S.Ct. 92, 19 L.Ed.2d 87 (1967); *accord, Allied Air Freight, Inc. v. Pan American World Airways, Inc.,* 340 F.2d 160 (2d Cir.), *cert. denied,* 381 U.S. 924, 85 S.Ct. 1560, 14 L.Ed.2d 683 (1965); *Chronicle Publishing Co. v. National Broadcasting Co.,* 294 F.2d 744, 746 (9th Cir.1961); *Day v. Pennsylvania Railroad,* 243 F.2d 485 (3d Cir.1957). *But cf. Bethlehem Steel Corp. v. Grace Line, Inc.,* 416 F.2d 1096, 1099 n. 13 (D.C.Cir.1969) (order granting or denying stay of action at law pending exhaustion of administrative remedies under disputes clause of government contract held appealable); *H.W. Caldwell & Son, Inc. v. United States ex rel. John H. Moon & Sons, Inc.,* 407 F.2d 21, 22 (5th Cir.1969) (same). Thus, because we conclude that defendants did not seek to dismiss or stay the action to permit the prior determination of an equitable defense, we hold that we lack jurisdiction under 28 U.S.C. § 1292(a)(1) to review the district court's order denying the motion.

APPEAL DISMISSED.