986 F.2d 1431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE PARCEL OF REAL PROPERTY DESCRIBED AS LOT 41, BERRYHILL
FARM ESTATES, a subdivision in Johnson County, Kansas, also
known as 6401 West 181st Street, Stilwell, Kansas, together
with all its buildings, appurtenances and fixtures,
furnishings, and equipment within the buildings,
appurtenances, and improvements, Defendant,
Tommie Lee Dunmore, Claimant-Appellant.
 No. 92-3003.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1993.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Claimant-appellant Tommie Lee Dunmore appeals the district court's order partially lifting a stay of proceedings in a civil forfeiture case. The government brought a civil forfeiture action under 21 U.S.C. § 881(a)(6) against one parcel of real property and personal property located in the home on that property. At the request of Mr. Dunmore, the alleged purchaser of this property, the district court entered a stay of the civil proceedings pending a criminal investigation in the Western District of Missouri. After a trial in the Missouri district court, the real property was adjudged subject to forfeiture.[1] Following that judgment, the government requested a partial lift of the stay to permit the forfeiture proceeding to continue against the personal property. The grant of that order is the subject of this appeal.
 
 
 3
 The government argues that this court lacks jurisdiction to hear this appeal because the district court's order is not an appealable judgment. The courts of appeals have jurisdiction under 28 U.S.C. § 1291 to hear appeals from all final decisions of the district courts. Appellate courts also have jurisdiction over interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1).
 
 
 4
 A court's "refusal to stay the foreclosure proceeding to await the determination of another pending action is not an order granting or refusing an injunction and hence is not appealable." United States v. Chelsea Towers, Inc., 404 F.2d 329, 330 (3d Cir.1968). See also Pepper v. Miani, 734 F.2d 1420, 1422 (10th Cir.1984) (no jurisdiction to review denial of stay where defendants not seeking stay to permit prior determination of equitable defense). Further, an order denying a motion to stay is not a final decision under 28 U.S.C. § 1291. Ephraim Freightways, Inc. v. Red Ball Motor Freight, Inc., 376 F.2d 40, 41 (10th Cir.), cert. denied, 389 U.S. 29 (1967).
 
 
 5
 Both a refusal to stay proceedings and the lifting of a stay carry the same practical effect: allowing the underlying suit to go forward. The partial lifting of the stay has denied Mr. Dunmore no rights which he cannot later appeal at the end of the foreclosure proceedings.
 
 
 6
 In light of the above discussion, we hold that we lack jurisdiction to hear this appeal.[2] APPEAL DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The government intends to file a motion to lift the stay with respect to the real property and "move to dismiss the action against that property as moot because the real property has now been forfeited in the related criminal action in the Western District of Missouri." Appellee's Br. at 9
 
 
 [2]
 Given our lack of jurisdiction, we deny Mr. Dunmore's motion for appointment of counsel