7 F.3d 1044
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re AMERICAN FREIGHT SYSTEMS, INC.; Smith's Transfer
Corporation; USA Western, Inc., Debtors.
AMERICAN FREIGHT SYSTEM, INC.; Smith's Transfer
Corporation; USA Western, Inc., Plaintiffs-Appellants,
v.
TELELECT, INC.; Reynolds Metals, Inc.; San Diego Frame
Manufacturing Company, Inc.; Rolf C. Hagen (USA) Corp.;
Ladder Industries, Inc.; Continental Bag Company; Mexico
Plastic Company; Berkley, Inc.; Stone Fabrics, Inc.;
Premier Products; Douglas Furniture of California; The
Libman Company; Riley Equipment; Technicote, Inc.;
International Paper Co.; Hub City, Inc.; N I Acquisition,
a/k/a Avon Enterprise; Nissan Corporation; Sangamon
Company; Douglas Furniture Company; Stone & Thomas;
Tredways Express, Inc.; Deflecta-Shield Corporation;
Federal-Hoffman, Inc., a/k/a Federal Cartridge Company;
Gehl Company; Sidex International Furniture; Waxman
Industries of Texas; BWD Automotive Corporation; Guild
Craftsman, Inc.; Lesac Corporation; Schmidt Distributors,
Inc.; W.E. Kautenburg Company; Crayex Corporation; Norman
Wright Mechanical Equipment Corporation; National Felt
Company; R.H. McElheney, Inc.; Gilbert & Bennett Company;
Warren Manufacturing, Inc.; Cimarron Supply, Inc.;
Garralt-Callahan Company; Hagopian; Aerolator Systems,
Inc.; J & J Snack Foods; Nu-Air of Georgia, Inc.;
American Fiber-Velope Manufacturing Company; Hacht Sales &
Marketing, Ltd; Stapleton Corporation; Comfort
Distributors Company, Inc.; U.S. National Resources, Inc.,
a/k/a Friedrich Air Conditioning; Marsh Electronics, Inc.;
Erwin Weller Company, Inc., a/k/a Weller Plastics Division
Inc.; National Latex Products; Schaeff Incorporated; Bike
Rack, Inc.; Anchor Glass Container Corp.; Adams Company;
Ariens Company; Cole Sewell Corporation; Aero Drapery
Company; Tapco International, Inc.; Keene Lighting;
Tasker Metal Products, Defendants-Appellees.
and
Monfort, Inc./Swift Pack; Neiman Sawmills, Inc., Defendants.
 No. 92-3426.
 United States Court of Appeals, Tenth Circuit.
 Sept. 3, 1993.
 
 Before BALDOCK, BRORBY, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from the district court's order affirming the orders of the bankruptcy court that stayed sixty-one adversary proceedings pending resolution of an issue by the Interstate Commerce Commission (ICC) under the doctrine of primary jurisdiction. On our own motion we directed the parties to brief the question of whether we had jurisdiction to hear the appeal. See McGeorge v. Continental Airlines, Inc., 871 F.2d 952, 953 (10th Cir.1989) (court has duty to inquire into its own jurisdiction). On consideration of the parties' briefs and the underlying proceedings, we conclude that we do not have jurisdiction and therefore dismiss the appeal.
 
 
 3
 The relevant facts of this case generally fall into what the Supreme Court has described as a pattern of cases that have followed deregulation of the trucking industry:
 
 
 4
 A motor carrier negotiates with a shipper rates less than the tariff rates that the Interstate Commerce Act (ICA) requires the carrier to "publish and file" with the ICC. After the shipments are delivered and paid for (sometimes years after), the carrier goes bankrupt and its trustee in bankruptcy sues the shipper to recover the difference between the negotiated rates and the tariff rates. Shippers' standard defenses against such "undercharge" actions have been (1) that the carrier's attempt to collect more than the agreed-upon rates is an "unreasonable practice" proscribed by the Act and (2) that the tariff rates were unlawful because they were unreasonably high. In 1989, the ICC announced a policy approving the first of these defenses. Our decision in Maislin [Industries, U.S., Inc. v. Primary Steel, Inc., 497 U.S. 116 (1990),] held that policy invalid under the ICA, because it would "rende[r] nugatory" the specific command of § 10761 that the carrier charge the filed rate. While Maislin thus eliminated the shippers' "unreasonable-practice" defense, it expressly noted that "[t]he issue of the reasonableness of the tariff rates is open for exploration on remand."
 
 
 5
 Reiter v. Cooper, 113 S.Ct. 1213, 1216 (1993) (citations omitted) (alterations in original).[1]
 
 
 6
 In the present case, appellants American Freight Systems, Inc., Smith's Transfer Corp., and USA Western, Inc. (collectively AFS) are the bankrupt carriers seeking to recover undercharges in sixty-one adversary proceedings in the bankruptcy court. Appellees are the shippers who are claiming that AFS' tariff rates are unreasonable. In separate orders, the bankruptcy court determined that the ICC had primary jurisdiction[2] to determine the reasonableness of rates, and that the unreasonableness claims should be referred to the ICC while the adversary proceedings were stayed. AFS appealed the bankruptcy court's orders to the district court. The district court consolidated the appeals, over AFS' objections, and affirmed.
 
 
 7
 AFS filed a timely notice of appeal to this court. We have jurisdiction to review all final orders of the district courts under 28 U.S.C. § 158(d) and § 1291 and to review interlocutory orders in certain circumstances, see, e.g., § 1292; Temex Energy, Inc. v. Underwood, Wilson, Berry, Stein & Johnson, 968 F.2d 1003, 1005 (10th Cir.1992). A final order generally ends the litigation on the merits. United States v. Storey, Nos. 92-3236 & 92-3247, 1993 WL 304866 at * 3 (10th Cir. Aug. 13, 1993). After AFS filed its opening brief on the merits, we directed the parties to simultaneously file briefs addressing this jurisdictional question: whether the district court's order affirming the bankruptcy court's stay of the proceedings and referral of the rate-reasonableness issue to the ICC is a final and/or immediately appealable order in light of the fact that claims remain unadjudicated before the bankruptcy court.
 
 
 8
 AFS presents two arguments in favor of jurisdiction. It first argues that the district court's order is an appealable collateral order under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). Its second argument is that the order is immediately appealable under § 1292(a)(1) as an order granting or denying an injunction.
 
 
 9
 To fall within the Cohen exception to the final judgment rule, an order must meet three conditions: (1) it must conclusively determine the disputed question; (2) it must resolve an important issue completely separate from the merits of the action; and (3) it must effectively be unreviewable on appeal from a final judgment. Desktop Direct, Inc. v. Digital Equip. Corp., 993 F.2d 755, 757 (10th Cir.1993). AFS does not specifically address how the district court's order meets all three Cohen conditions; we conclude that the order fails to meet the second and third conditions.
 
 
 10
 AFS contends, apparently with respect to the second condition, that the order "do[es] not make any step toward final disposition of the merits of AFS's claims for tariff charges," Appellants' Jurisdictional Br. at 5, and is therefore separate from the merits of the adversary actions. This contention fails to recognize that the "actions" include the shippers' unreasonable-rate counterclaims and that these counterclaims probably must be addressed in the adversary actions. See Reiter, 113 S.Ct. at 1217; Fed.R.Civ.P. 13; see also Feldspar Trucking Co. v. Greater Atlanta Shippers Ass'n, 849 F.2d 1389, 1392 (11th Cir.1988) (determination not to refer reasonableness issue to ICC does not meet second Cohen condition); Delta Traffic Serv., Inc. v. Occidental Chem. Corp., 846 F.2d 911, 914 (3d Cir.1988) (same). The unreasonable rate issue is therefore not separate from the merits of the adversary actions.
 
 
 11
 AFS also argues that because "adjudication of AFS's claims are [sic] stayed indefinitely[,] ... upon final disposition of the merits of AFS's claims it will be too late to effectively review the present orders since referral and hearing by the ICC will already have transpired." Appellants' Jurisdictional Br. at 6. Though a stay itself may not be reviewable, without more that is not sufficient to make an order effectively unreviewable. See Lauro Lines S.R.L. v. Chasser, 490 U.S. 495, 499-500 (1989) (possibility that ruling may be erroneous and impose unnecessary costs and delay does not make that ruling effectively unreviewable); Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 10 n. 11 (1983) ("[A] stay is not ordinarily a final decision for purposes of § 1291, since most stays do not put the plaintiff 'effectively out of court.' ").
 
 
 12
 Moreover, the merits of the ICC's decision are reviewable. Under 28 U.S.C. § 1336(b), the "district court" that refers an issue or question to the ICC has exclusive jurisdiction "to enforce, enjoin, set aside, annul, or suspend, in whole or in part," any ICC order arising out of the referral. See also ICC v. Atlantic Coast Line R. Co., 383 U.S. 576, 602 (1966) (ICC decisions are judicially reviewable). Though we need not decide the issue now, the reviewing court in this case would likely be the bankruptcy court. See Railway Labor Executives' Ass'n v. ICC, 894 F.2d 915, 917 (7th Cir.1990) (for purposes of § 1336(b), "district court" includes bankruptcy court).[3] Final decisions of the reviewing court could eventually be appealed to this court.
 
 
 13
 To support its Cohen argument, AFS cites Eddleman v. United States Department of Labor, 923 F.2d 782 (10th Cir.1991), overruled in part, Temex Energy, Inc. v. Underwood, Wilson, Berry, Stein & Johnson, 968 F.2d 1003 (10th Cir.1992). In Eddleman, the court determined that it had jurisdiction over DOL's appeal of a bankruptcy court's order staying DOL's administrative enforcement proceedings against the debtor. Id. at 790. That case is distinguishable because it was based on the Bankruptcy Code's automatic stay provisions rather than the court's general powers to stay proceedings. Because the automatic stay is similar to a permanent injunction and a permanent injunction is appealable as a final order, we concluded that in enacting the Bankruptcy Code, Congress intended the grant or denial of the automatic stay to be similarly appealable. Id. at 785. In reaching this conclusion, we did not rely on Cohen. Id. at 784-86. Eddleman applied Cohen in determining only "whether the remanded damages issues destroy finality in this case," id. at 786-90, an issue not relevant here.
 
 
 14
 AFS' alternative argument for jurisdiction is that the district court's order is appealable under § 1292(a)(1), which grants appellate jurisdiction over interlocutory orders granting or denying injunctions. As support for this argument, AFS cites Ephraim Freightways, Inc. v. Red Ball Motor Freight, Inc., 376 F.2d 40, 41 (10th Cir.), cert. denied, 389 U.S. 829 (1967), and Gavlik Construction Co. v. H.F. Campbell Co., 526 F.2d 777, 781-82 (3d Cir.1975). Both Ephraim[4] and Gavlik were based on the Enelow-Ettelson doctrine that permitted appeals under § 1292(a)(1) of orders staying proceedings at law to permit the prior determination of some related equitable matter. Enelow v. New York Life Ins. Co., 293 U.S. 379, 383 (1935); Ettelson v. Metropolitan Life Ins. Co., 317 U.S. 188, 189, 192 (1942). AFS contends that the order in this case stayed its legal undercharge claims pending resolution of appellees' equitable counterclaims. However, the "sterile and antiquated" Enelow-Ettelson doctrine was overturned in Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 287 (1988). Thus, to the extent they rely on that doctrine, Ephraim and Gavlik are no longer good law, and AFS' argument based on these cases is unfounded. Further, AFS has failed to show that its inability to challenge the interlocutory order has " 'serious, perhaps irreparable, consequence[s]' " justifying review under § 1292(a)(1). Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981) (quoting Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 181 (1955).
 
 
 15
 APPEAL DISMISSED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In Reiter, the Court determined that a shipper's unreasonableness argument is actually a counterclaim, as opposed to a defense to an undercharge claim, and that the shipper often must assert the counterclaim in the undercharge action under Fed.R.Civ.P. 13. 113 S.Ct. at 1217. It also noted that the ICC had primary jurisdiction over the reasonableness issue. Id. at 1220-21 and n. 3; see also United States v. Western Pac. R.R., 352 U.S. 59, 62-63 (1956). The issue addressed in Reiter was whether in an undercharge action, a court should proceed to judgment on the carrier's claim without waiting for the ICC to rule on the reasonableness issue. 113 S.Ct. at 1216. Because it concluded that a shipper's "unreasonable-rate claims are subject to the ordinary rules governing counterclaims," the Court held that a court must wait for the ICC to rule before entering judgment or make the certification required under Fed.R.Civ.P. 54(b). 113 S.Ct. at 1221
 
 
 [2]
 As we recently explained,
 "Primary jurisdiction is invoked in situations where the courts have jurisdiction over the claim from the very outset but it is likely that the case will require resolution of issues which, under a regulatory scheme, have been placed in the hands of an administrative body." Under that doctrine, "the judicial process is suspended pending referral of the issues to the administrative body for its views."
 Mical Communications, Inc. v. Sprint Telemedia, Inc., No. 92-3096, 1993 WL 274497 at * 7 (10th Cir. July 23, 1993) (citation omitted).
 
 
 [3]
 Even if a court other than the bankruptcy court reviewed the ICC's ruling under § 1336, that would not amount to ineffective review. See Richman Bros. Records, Inc. v. U.S. Sprint Communications Co., 953 F.2d 1431, 1447-48 (3d Cir.1991), cert. denied, 112 S.Ct. 3056 (1992) (no ineffective review merely because FCC's ruling will be reviewed by court other than the one that referred the issue to the FCC)
 
 
 [4]
 It is surprising that AFS cited Ephraim because it held that a stay pending administrative proceedings before the Colorado Public Utilities Commission was not appealable. 376 F.2d at 41. This court later relied on Ephraim in dismissing the appeal of an order denying a motion for a stay and referral of proceedings to the Commodity Futures Trading Commission, stating that "[t]his Court has held that an order granting or denying a stay pending the outcome of [administrative] proceedings is not appealable under 28 U.S.C. § 1292(a)(1)." Pepper v. Miani, 734 F.2d 1420, 1421-22 (10th Cir.1984)